JESSIE M. SWEET *vs*. THE SHERWOOD ICE COMPANY.

MARCH 28, 1917.

PRESENT:   Parkhurst, C. J., Sweetland, Vincent, and Baker, JJ.

*(1)   Workmen's Compensation Act.   Dependent.*

Where a petitioner under the Workmen's Compensation Act, being the widow of deceased, was not living with him at the time of his injury, and had not lived with him for about eighteen months, and had filed a petition for divorce on the ground of neglect and refusal to provide necessaries for her support for a period of two years, which petition, supported by her sworn testimony to such effect, was granted, although final decree had not been entered, and it appeared that petitioner had supported herself by her own labors and outside assistance,,she did not come within the presumption of dependency under Art. II, § 7: "The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee, (a) a wife upon a husband with whom she lives or upon whom she is dependent at the time of his decease."

*(2)   Workmen's Compensation Act.   Dependent.*

Where there is no presumption of dependency under Art. II, § 7, the question of dependency becomes one of fact under the evidence in accordance with other provisions of said Section 7, "In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury," and there being substantial testimony that deceased had done nothing for petitioner for at least two years prior to his death, the finding of the court that she was not either wholly or partially dependent, in the absence of fraud, is conclusive of that fact.

*(3)   Workmen's Compensation Act.   Dependent.   Legal Obligation.*

The existence of a legal obligation on the part of the deceased employee to support his wife is not important in the determination of the question of dependency.

PETITION under Workmen's Compensation Act. Heard on appeal of petitioner and dismissed.

VINCENT, J. This is a proceeding under the Workmen's Compensation Act. The petitioner is the widow of Albert K. Sweet. She seeks to recover compensation

for herself and two minor children on account of the death of her husband, which occurred on the twenty-second day of February, A. D. 1916, during his employment by the respondent company, and arose out of and in the course of such employment.

After the petition was filed, Marietta Wilson, an aunt of the deceased, with whom he lived at the time of the injury and death, and who claimed to be a partial dependent, was ordered, upon motion of the respondent, to enter her appearance and file an answer to the petition, which she accordingly did. No appeal has been taken from the decree of the Superior Court by Marietta Wilson or by or on behalf of the minor children of the petitioner, and therefore as to them the matter is *res adjudicata* and need not be considered.

The only issue raised by the respondent which we need now to discuss is whether the petitioner, Jessie M. Sweet, was dependent upon the earnings of the deceased within the provisions of the Compensation Act.

The Superior Court has found that the petitioner was not a dependent, has filed its findings of fact to that effect and has entered a decree accordingly. From such decree the petitioner has taken her appeal to this court, setting forth in her reasons of appeal that the Superior Court erred in finding as a fact that the deceased left no one either wholly or partially dependent upon his earnings at the time of the accident.

The reasons of appeal, although several in number, raise the one question whether the decree and findings of fact of the Superior Court are contrary to the law and the evidence and the weight thereof. In other words, as the case is now presented to us, was Jessie M. Sweet dependent upon the deceased either totally or partially?

Under the provisions of the Compensation Act a widow may be shown to be a dependent in either of two ways: (1) By way of presumption, if proper evidence exists;

or (2) by actual proof of the fact of dependency within the meaning of the law.

The conditions under which the petitioner was living at the time of her husband's death and her relations with (1) him for a long period prior thereto, so far as they bear on the question of dependency, appear to be undisputed. Upon an examination of the evidence we find that she was not living with the deceased at the time of his injury and had not lived with him since August, 1914. It further appears that on August 18, 1914, the petitioner signed and made oath to a petition for divorce, stating that her husband had neglected and refused to provide necessaries for her support for a period of two years. This petition for divorce was duly filed in court, and upon a hearing thereon in the Superior Court for the County of Kent, on March 23, 1915, the petitioner there testified under oath that for two years prior to August, 1914, her husband had done nothing whatever for her support or for the support of her children, and that during that period she had supported herself and children by her own labors and some assistance from neighbors and friends. The petition of divorce was granted upon the ground of nonsupport. No final decree had been entered at the time of her husband's death.

There is also testimony to the effect that the petitioner and her husband continued to live separate and apart following the decision in the suit for divorce and that she continued to work and support herself and children.

In this state of the testimony it was competent for the Superior Court to find that the petitioner does not come within the presumption of dependency set forth in the act. Section 7 of Article II of the Compensation Act provides: " The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employee: (a) a wife upon a husband with whom

she lives or upon whom she is dependent at the time of his death.''

The petitioner, under this provision, cannot be presumed to be dependent for the reason that at the time of the death of the deceased she did not live with him, but was maintaining a separate home and was supporting herself wholly by her own efforts. The authorities are clear that unless the husband and wife are living together in the sense of '' maintaining a common home '' the presumption of dependency does not arise. *Nelson's Case,* 217 Mass. 467; *Gallagher's Case,* 219 Mass. 140; *Bentley's Case,* 217 Mass. 79; *Newman's Case,* 111 N. E. 359.

(2)    There being no presumption, either one way or the other, the question of the dependency of the petitioner becomes one of fact under the evidence, in accordance with a later provision of Section 7, which provides: '' In all other cases questions of entire or partial dependency shall be determined in accordance with the fact as the fact may have been at the time of the injury.''

There is substantial testimony that, as a matter of fact, the said Albert K. Sweet had done nothing for the petitioner for at least two years prior to his death, and upon that testimony the trial court has found that she was not either wholly or partially dependent upon the deceased for her support. In the absence of fraud, such finding must be deemed to be conclusive of that fact, there being testimony to support it.

(3)    The petitioner argues that the deceased being under a direct legal obligation to support his wife, the existence of such obligation must have an important bearing in the consideration and determination of the question of dependency. We do not think so. In the case of the *New Monckton Collieries* v. *Keeling,* 4 B. W. C. C. 332, it was held by the House of Lords that the widow was not entitled to compensation; that the fact the husband

was liable in law to support his wife was not sufficient to maintain a claim for compensation, and that the obligation or liability to support is not the same as actual support; and it was further ruled in that case that, " money coming to a widow under the act is not a present in consideration of her status; it is a payment by a third person to compensate her, as a dependent, for her actual pecuniary loss by her husband's death." The following cases also lay down the same principle: *Lindsay* v. *McGlashen & Son,* 1 B. W. C. C. 85; *Polled* v. *Great Northern Railway Co.,* 5 B. W. C. C. 620; *Niddrie & Benhar Coal Co.* v. *Young,* 5 B. W. C. C. 552; *Devlin* v. *Pelaw Main Collieries,* 5 B. W. C. C. 349.

In *Dobbies* v. *Egypt L. S. S. Co.,* 6 B. W. C. C. 348, it was held that dependency is a question of actual fact and that actual fact is not settled by a consideration of the legal proposition or obligation of either the husband to the wife or of the parent to the child.

The petitioner has cited in her brief some cases in support of her contention that dependency may be found where there is simply a legal obligation on the part of the husband to support his wife. These cases, upon examination, do not appear to be as broad in statement or as determinative of the question before us as the petitioner claims and insists. They do not baldly hold that the legal obligation determines the question of dependency, but that such legal obligation must be coupled with a reasonable probability that such obligation will be fulfilled. As the testimony furnishes little, if anything, tending to establish such a reasonable probability, the cases cited by the petitioner are not sufficiently close to warrant their particular consideration or discussion at this time.

We do not find any error in the decree appealed from. The petitioner's appeal is dismissed, the decree of the

Superior Court is affirmed, and the cause is remanded to said court for further proceedings.

*James J. McCabe, Thomas J. Dorney,* for petitioner.
*Gardner, Pirce & Thornley,* for Marietta Wilson.
*Boss & Barnefield,* for respondent