SCHWARTZ *v.* GERDING AND AUMANN BROTHERS ET AL.

[No. 10,281. Filed December 12, 1918. Rehearing denied February 13, 1919.]

1. MASTER AND SERVANT.—*Workmen's Compensation.—Dependency. —Determination.*—Under §38 of the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, the dependency of a thirteen year old daughter of a deceased employe not living with him at the time of his death must be determined in accordance with the fact, since in such a case she is not, under the act, conclusively presumed to be wholly dependent. p. 378.

2. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.*—*Determination.*—*Evidence.*—In a proceeding under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, for compensation for the death of an employe, the question of the dependency of deceased's daughter is not to be determined from the legal and moral obligation to support her, although such obligation may be taken into consideration when the dependency is to be determined as a matter of fact. p. 378.

3. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Dependency.*—*Determination.*—*Evidence.*—The fact that decedent was ordered in a divorce proceeding to pay a sum each month for the support of a thirteen year old daughter, and whether there is any probability that such order would be discharged either voluntarily or by proper legal proceedings, may be considered by the Industrial Board in connection with all other competent evidence in determining the question of the daughter's dependency. p. 378.

4. MASTER AND SERVANT.—*Workmen's Compensation Act.*—*Appeal.*—*Finding of Industrial Board.*—*Conclusiveness.*—In a proceeding for compensation under the Workmen's Compensation Act, Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918, where there is evidence which would lead reasonable men to the same conclusion as that reached by the Industrial Board, such conclusion will not be disturbed on appeal. p. 379.

From the Industrial Board of Indiana.

Proceedings under the Workmen's Compensation Act for compensation for the death of Frederick Schwartz. From a finding by the Industrial Board that Jessie Schwartz, widow of deceased, was entitled to the full award, Marietta Mabel Schwartz, by her next friend, Lizzie James, appeals. *Affirmed.*

*O. E. Fuelber,* for appellant.
*Enos Cole,* for appellees.

IBACH, J.—This is a proceeding brought under the Workmen's Compensation Act, and the only question presented for our consideration relates to the action of the Industrial Board in holding as a matter of law that Jessie Schwartz, widow of Frederick

Schwartz, was his sole dependent and entitled to the full award.

As affecting this question the finding of the Industrial Board is as follows: At the time of the death of Frederick Schwartz, Jessie Schwartz was his lawful wife, and they were living together at that time. Decedent also left Marietta Mabel Schwartz, a daughter by his first wife, and from whom he was divorced on June 2, 1906. In the decree of divorce decedent was ordered to pay for the support of his daughter $8 per month. He never complied with such order, and never paid or contributed anything to his daughter's support after the divorce, and no steps were ever taken to enforce the order made in her behalf. She never lived with her father after that time, and was not dependent upon him for support to any extent at the time of his injury and death.

In an agreed statement of facts before the board it was shown, as a part of the decree in the divorce proceeding, that the custody of the child Marietta Mabel Schwartz, aged two years, was given to Lizzie Iames, her aunt. She was at once placed in the custody of her said aunt, and since the entry of such order and decree has been in her care and custody and has lived with her ever since.

The material provisions of the Workmen's Compensation Act (Acts 1915 p. 392, §80201 *et seq.* Burns' Supp. 1918) here involved are as follows: "§38. The following persons shall be conclusively presumed to be wholly dependent for support upon a deceased employe: (a) A wife upon a husband with whom she lives at the time of his death. * * * (c) A boy under the age of 18, or a girl under the age of 18 upon the parent with whom he or she is living at the

time of the death of such parent, there being no sur-
viving dependent parent.    *    *    *    In all other cases,
questions of dependency, in whole or in part, shall
be determined in accordance with the fact, as the
fact may be at the time of the injury; and in such
other cases if there is more than one person wholly
dependent, the benefit shall be divided among them;
and persons partly dependent, if any, shall receive no
part thereof; if there is no one wholly dependent and
more than one person partly dependent, the death
benefit shall be divided among them according to the
relative extent of their dependency.''

It is clear from this section of the act that the
widow is conclusively presumed to be wholly depend-
ent. It is equally clear that the daughter, who
is thirteen years of age, is not conclusively pre-
sumed to be wholly dependent, because it ap-
pears that she was not living with her father at the
time of his death. So that, if the daughter is entitled
to compensation, it must be because she is shown to be
wholly dependent on the decedent under that portion
of said act which provides: ''In all other cases the
question of dependency in whole or in part shall be
determined in accordance with the fact, as the fact
may be at the time of the injury.''

While it may be conceded, as contended by appel-
lant, that there was a legal as well as a moral obliga-
tion resting upon decedent to support his
daughter, yet the question of dependency in
cases such as this is not to be determined upon
such obligation, although they are to be taken
into consideration when the question of de-
pendency is to be determined as a matter of
fact. Also, the fact that decedent was ordered, in

the divorce proceeding referred to, to pay $8 per month for the support of his child may be taken into account to determine the existence of the ultimate fact of dependency. Likewise, whether there is any probability that such order would be discharged either voluntarily or by proper legal proceedings, or the probability that the daughter would ever seek to enforce her rights under the order, if the requirements thereof were not voluntarily complied with, are matters which would be proper for the Industrial Board to consider in connection with all other competent evidence to aid them in determining the question of fact whether or not appellant at the time of her father's injury, resulting in his death, depended upon his wages for her support in whole or in

4. part. All these matters the record shows were duly considered by the Industrial Board, which resulted in a finding against appellant, and, as there is evidence which would lead reasonable men to conclude as did the Industrial Board, we are not at liberty to disturb such conclusion.

We deem it unnecessary to further pursue the discussion, as this court has heretofore considered and passed upon the controlling question here involved. *In re Carroll* (1917), 65 Ind. App. 146, 116 N. E. 844.

Award affirmed.