[Civil No. 2594. Filed April 25, 1927.]

[255 Pac. 598.]

THE OCEAN ACCIDENT AND GUARANTEE CORPORATION, LIMITED, a Corporation, Plaintiff, v. THE INDUSTRIAL COMMISSION OF ARIZONA and R. B. SIMS, BURT H. CLINGAN and H. S. McCLUSKEY, Members of Said THE INDUSTRIAL COMMISSION OF ARIZONA, Respondents.

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Plaintiff.

Mr. John J. Taheny, for Respondents.

McALISTER, J.—This is a proceeding to review an award by the Industrial Commission in favor of Ruby Elizabeth Rogers and Cynthia Rogers, whose father, Willard DeWitt Rogers, was accidentally killed in this state on August 15, 1926, while in the discharge of his duties as an employee of the Central Arizona Light & Power Company. His occupation came within the terms of the Workmen's Compensation Act (Laws 1925, chapter 83), and his employer was insured against liability for compensation by the petitioner, the Ocean Accident & Guarantee Corporation. The Commission found that his average monthly wage at the time of his death was $156, and awarded the widow thirty-five per cent, and each of the children, who were then eleven and fourteen years of age, fifteen per cent thereof until each should attain eighteen years, or until death or marriage, if either should occur before that time.

The petitioner complains of the award to the children, and the sole ground of its objection is that they were not dependents within the meaning of the Compensation Act. This necessitates a fuller statement of the facts. It appears that the deceased left a widow, Eutrophia Marie Rogers, with whom he was living at the time of his death and these two daughters, who resided in San Jose, California, with their mother, from whom he was divorced in March, 1922, in the superior court of one of the counties of California; that by the terms of the decree in that action the custody of the two girls was awarded to the mother, and he was ordered to pay her seventy-five dollars per month for their support; that, with the exception of a small amount in March, 1922, he paid nothing in fulfillment of this decree, and in the month of July, 1923, was charged in a criminal complaint with failure to support the said minor children, though he was later released on probation upon the

condition that he would pay forty dollars per month for this purpose; that nothing was ever paid under the divorce decree or the subsequent order of the court, because soon after the entry of the latter the deceased moved from that locality, and took the name of W. D. Rice, thus hiding his identity and eluding all attempts at subjecting himself to the orders of the court; that shortly after the divorce he married Eutrophia Marie Rogers, and his former wife, Daisy Rogers, married D. C. Case, with whom she and the two minor daughters have since resided.

From these facts the Commission found that Ruby Elizabeth Rogers and Violet Cynthia Rogers "were not residing with said employee at the time of said injury, nor had they resided with him for several years prior to said injury; that said employee had contributed nothing to the support of said children for several years prior to said injury; that, at the time of said injury, said children were residing with their natural mother and their stepfather; but that, at the time of said injury, said employee was legally liable for the support of said children."

The correctness of the award rests wholly upon the question whether the children were, within the meaning of the Workmen's Compensation Act, dependent upon the deceased at the time of his death. The petitioner contends that in neither law nor fact were they dependents, while the respondents take the position, first, that, since they were under the age of eighteen years, and unmarried, they were entitled to the death benefit prescribed by the statute for the death of a parent regardless of dependency; and, second, that they were in fact dependents within the meaning of the Compensation Act. Both parties rely upon portions of sections 70 and 72 of that act to sustain their respective claims. After stating in general terms who are entitled to compensation in

case of the injury or death of an employee, and upon what basis it should be calculated, section 70 continues with ten subdivisions providing who shall, in the various situations that may arise, receive death benefits, and in what amounts they shall be paid. No. 1 refers to burial expenses; No. 2 to the amount payable to the widow where there is no child; and No. 3 to that payable to a dependent widower, there being no child. No. 4 deals with the amount each child shall receive when there is a surviving widow or dependent widower, and No. 5 with the sum each one is entitled to when there is no surviving wife or dependent husband. The last two read as follows:

"4. To the widow or widower, if there is a child or children, the compensation payable under subdivision (1) or subdivision (2), and in addition the additional amount of fifteen per centum of such wage for each child until the age of eighteen years, in no case including provision for widow or widower and children to exceed sixty-six and two-thirds per cent of the average wage. In case of the subsequent death of such surviving wife, or dependent husband, a single surviving child of the deceased employee shall have his compensation increased to twenty-five per centum of such wages; or in the event that there is more than one surviving child, twenty-five per centum should be paid for one child under eighteen, and fifteen per centum for each additional such child, to be divided among such children share and share alike, but not exceeding a total of sixty-six and two-thirds per cent of the average wage; provided, that compensation on account of any such child ceases when it dies, marries or reaches the age of eighteen years, or if over eighteen years and incapable of self-support, becomes capable of self-support.

"5. If there be a surviving child or children of the deceased under the age of eighteen years, but no surviving wife (or dependent husband), then for the support of each child until the age of eighteen years, the provisions of the foregoing subsection shall apply."

Section 72 contains the rules by which dependency in law, whether it be that of a wife, a husband or a child, shall be determined. It reads:

"Section 72. (a) The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee:

"1. A wife upon a husband whom she has not voluntarily abandoned at the time of the injury;

"2. A husband, mentally or physically incapacitated from wage earning, upon a wife whom he has not voluntarily abandoned at the time of the injury;

"3. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he or they are living at the time of the injury resulting in the death of such parent, there being no surviving parent. Stepparents may be regarded in this act as parents, if the fact of dependency is shown, and a step-child or step-children may be regarded in this act as a natural child or children, if the existence and fact of dependency is shown.

"(b) Questions as to who constitute dependents and the extent of their dependency shall be determined as of the date of the accident or injury to the employee, and their right to any death benefit shall become fixed as of such time, irrespective of any subsequent change in conditions, and the death benefits shall be directly recoverable by and payable to the dependent or dependents entitled thereto, or to their legal guardians or trustees."

The petitioner's first proposition that the award is contrary to law because there is no finding that the children were dependent is met by the argument that under section 70 dependency is not necessary when the claimants are children of the deceased employee, and under the age of eighteen years. To sustain this view the respondents point out that this section carefully specifies that all persons who may take under the act, other than widows and children,

must be dependents, while it fails to mention dependency in referring to the two excepted classes. For instance, subdivision 3 provides that a widower is entitled to benefits "if wholly dependent upon the deceased employee at the time of her death," and subdivision 6 that parents, brothers and sisters are also if wholly or partially dependent, and the deceased leave no widow (or dependent husband) or child, while subdivision 2, which provides for the widow, and 4 and 5 for the children, are silent on it. Hence, to intercalate the word "dependent" in the last three subdivisions would change their meaning in such a way as to provide that the widow and children must be dependent before they are entitled to compensation, which would constitute judicial legislation pure and simple. In support of this contention respondents cite the case of *Crockett* v. *International Ry. Co.*, 176 App. Div. 45, 162 N. Y. Supp. 357, in which the court, in construing a section of the Workmen's Compensation Act of that state (Consol. Laws, chap. 67), very similar in meaning to section 70, *supra*, did hold that the dependency in fact of the surviving wife and children was immaterial; that it was not the "dependent" wife, but the "surviving" wife, that took compensation; and, if the Workmen's Compensation Act of this state, as did that of New York, contained no other provisions on the subject of dependency than those found in section 70, this contention would undoubtedly prevail.

It will be observed from section 72, *supra*, however, that the statute in this state, unlike that of New York, makes full and complete provision relative to the matter of presumed dependency, and in construing section 70 it is necessary to have in mind the requirements of this section. Its enactment as a part of the Compensation Law shows that the legis-

lature intended to provide that every child and every widow coming within its terms should be entitled to compensation, but from the language used it is clear that it was not its purpose to include among those who take as a matter of law, that is, those who are presumed to be dependent, whether they be so in fact or not, the children or the widow of every employee killed in the course of his employment, though it does bring within this class every child under the age of eighteen years who is living with the deceased parent at the time of the injury, if there be no surviving parent, and every wife who has not at that time voluntarily abandoned her husband. These are the only ones presumed to be dependent, but this does not mean that children or widows not within these classes are denied compensation. It signifies merely that they take it, not as a matter of law resulting from their relationship as natural children or widows, but from their condition as dependents in whole or in part upon the deceased parent or husband. In those cases in which the deceased employee is not the parent with whom the children reside at the time of injury, and the other parent survives, their right to compensation rests upon their dependency upon the deceased at the time of his injury, and this, like any other question of fact, requires proof. Such is the effect of section 72, and we have been cited to no authority based upon a compensation law containing a similar provision which holds to the contrary. Michigan's statute on this subject (Comp. Laws 1915) reads as follows:

Par. 5436. " . . . (c) A child or children under the age of sixteen years (or over said age, if physically or mentally incapacitated from earning) upon the parent with whom he is or they are living at the time of the death of such parent, there being no surviving parent . . . "

Construing this in *Roberts et al. v. Whalen et al.*, 192 Mich. 133, L. R. A. 1918A 189, 158 N. W. 209, the Supreme Court of that state said:

"2. Is Gladys entitled to share in the fund? What has been said with reference to her mother, in the main applies to Gladys. No presumption of dependency in her behalf can be indulged. In order to indulge the presumption of dependency in her behalf, it must appear that she was living with the deceased at the time of his death, and that there was no surviving parent. Neither one of these conditions was present, and therefore she is not within the class presumptively entitled to the fund. If she is entitled to participate in the fund, it must be by reason of her having been dependent upon her father at the time of his death."

See, also, *Schwartz v. Gerding & Aumann Bros. et al.*, 69 Ind. App. 375, 121 N. E. 89; *McGarry et al. v. Industrial Commission of Utah et al.*, 63 Utah 81, 222 Pac. 592.

Whatever conflicts may exist between sections 70 and 72 when considered independently of each other disappear when these provisions are construed together, as their context requires. If it be kept in mind that the provision for death benefits was placed in the Workmen's Compensation Act for the purpose of compensating dependents, or those presumed to be dependent, for the loss sustained by them as a result of the death of an employee, the respective spheres of these two sections become plain. While the first omits all reference to the dependency of widows and children as a condition precedent to their right to compensation, but mentions it in connection with the right of all others thereto, it is apparent that the second was intended to cover fully the question of presumed dependency as to these two classes, and, therefore, that its incorporation in the act has the effect of limiting the widows and children presumed to be dependent to those mentioned therein.

Such being the effect of this provision, the contention of the respondents that, since section 70 denies compensation to married children under the age of eighteen years, but gives it to the unmarried under that age, section 72, which contains nothing indicating an intention to exclude the former from its purview, should be construed to apply to them only, finds no basis in the statute. That this is true is shown by the further fact that, after marriage, one is no longer regarded under the Compensation Act as a child, though under the age of eighteen years, but as a married person, whose rights thereunder grow out of this relationship.

It is contended that section 70 should be liberally construed, and that, in view of the father's moral and legal liability to support his minor children, it would be a liberal and reasonable construction to hold that it entitles all natural children under the age of eighteen years to death benefits irrespective of actual dependency. While the father is legally and morally bound to support his minor children—in fact, it is a criminal offense in this state for him not to do so without lawful excuse—yet the plain meaning of the Compensation Act construed as a whole is that only his natural children who are living with him at the time of his injury, and have no surviving mother, or *vice versa,* are entitled as a matter of law to such benefits. "Living with his father at the time of his death, either actually or constructively, is," said the court in *McGarry* v. *Industrial Commission, supra,* in speaking of a provision making children living with the deceased parent presumptively dependent, "just as essential to the establishment of dependency as is the relationship of parent and child." It may be that it would be the better policy to place all natural children under the age of eighteen years upon the same basis in the matter of dependency, but it has not been done by the law-making department,

and we cannot give the statute that meaning without disregarding our plain duty as interpreters of the law. As long as the legislature has seen fit to put them in different classes, and its right to do so is undoubted, the court cannot do otherwise than give its act the effect intended.

Such being the condition of the applicants so far as dependency in law is concerned, it becomes necessary to determine next whether they were dependent in fact upon their father at the time of his injury; this being the second ground urged by respondents as sufficient to uphold the award. The petitioner contends that neither the evidence nor the findings upon which the award rests show such dependency, since they disclose that the deceased contributed nothing toward the support of his children for at least four years before his death, notwithstanding he had been directed to do so by a decree of the court separating him and his former wife, the mother of the children, and giving her their custody, and had also been charged in a criminal complaint for failure to discharge his duty in this regard. The Industrial Commission was evidently of the view that actual contributions were not necessary to establish dependency, for it based its award specifically upon the father's legal liability to support them.

In determining actual dependency, it was proper for the Commission to take into consideration the deceased's legal obligation to support, though under the authorities this alone was not sufficient to establish it. "The existence or nonexistence of a legal obligation to support, though persuasive, and a factor to be considered in determining dependency, is not conclusive, unless made so by statute." Honnold's Workmen's Compensation, par. 70; *Parson* v. *Murphy et al.*, 101 Neb. 542, L. R. A. 1918F 479, 163 N. W. 847; *Sweet* v. *Sherwood Ice Co.*, 40 R. I. 203, 100 Atl. 316; *Lloyd-McAlpine Logging Co. et al.* v.

*Industrial Commission of Wisconsin et al.*, 188 Wis. 642, 206 N. W. 914; *Dobbies* v. *The Egypt & Levant Steamship Co., Ltd.*, 6 Butterworth's Workmen's Compensation Cases, 348; *Young* v. *Niddrie & Benhar Coal Co.*, speaking through Lord Shaw, 6 Butterworth's Workmen's Compensation Cases, 774. To hold that it was, in view of the fact that parents are legally obligated to support their minor children, would obviate the necessity of proof in all cases in which the applicant seeks compensation as the child of a deceased employee, because it would result in placing him in the class presumed to be dependent, notwithstanding the statute provides that this is true of none except those living with the deceased parent at the time of his injury and having no surviving parent. As to all others proof of dependency is required, and, since one may be legally obligated to do a thing, and yet fail ignominiously in performance, or, as the court said in *Sweet* v. *Sherwood Ice Co., supra,* since "liability to support is not the same as actual support," it is necessary, before such an obligation can be said to be sufficient to show actual dependency, either total or partial, that there exist, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and the tribunal created by law for the determination of this fact is the Industrial Commission. However, no finding on this question was made by the Commission, and this court is without jurisdiction to make one, since its only power in a case brought before it for review is to affirm or set aside the award. While it may, under section 90 of the act, review the evidence to ascertain if it supports the findings and examine the findings to see if they support the award, the power to make findings

is not conferred upon it. *McGarry et al.* v. *Industrial Commission of Utah et al., supra.*

Inasmuch, therefore, as the award is based solely upon the legal liability of the deceased to support, and there are no supplementary findings relative to the practical value thereof to the applicants, and since to uphold the award in the absence of such findings would give the applicants the status of children living with the deceased at the time of his injury and having no surviving parent, the only order this court can make is one setting it aside. The record, however, may contain, or further investigation disclose, such supplementary facts, and whichever is true, if either, the Commission should make findings to that effect in disposing of the case upon another hearing.

In view of further proceedings, it might be well to say that, in determining whether the legal obligation was of any practical value to the children, or whether they were in fact dependent upon deceased at the time of his injury, it is not absolutely essential to show that he actually contributed to their needs in his lifetime. While the furnishing of actual support by the deceased is an important factor, in some instances a controlling one, in the establishment of either of these facts, yet neither the letter nor the spirit of the statute requires it, and we have been cited to no authority holding it indispensable. "A 'dependent' is one who looks to another for support, one dependent on another for the ordinary necessities of life, for a person of his class and position," says Honnold on Workmen's Compensation, paragraph 70, and in paragraph 82 of the same volume is found this language:

"The law does not limit dependency of minor children living apart from their parents to cases where actual support was being furnished or contributions made, as such a rule would in many instances

exclude children from the benefits of a law that was clearly intended for their protection."

And in *Merrill* v. *Penasco Lumber Co.*, 27 N. M. 632, 204 Pac. 72, the court said:

"But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father. Such a theory lacks support from authority."

The syllabus of an English case (*Medler* v. *Medler*, reported in volume 1, page 332, Butterworth's Workmen's Compensation Cases) contains the following statement relative to the dependency of the wife as affected by the failure to furnish actual support:

"A wife who had been turned out of her home by her husband and had not been living with or supported by him for eleven years before his death, but who had made endeavors to obtain support, was held to be in part dependent upon her husband's earnings at the time of his death within the meaning of Schedule I (1) (a) (ii) of the Act of 1906."

If the fact that the deceased went into another state and concealed his identity was all that stood in the way of compelling fulfillment of his legal obligation, it did not follow necessarily that such liability had no practical value. The right to enforce still existed even in this state, and no one can say that the whereabouts of the deceased might not have become known in the near future, and this obstacle overcome. And the fact that such an attempt was

made just before he left his community and took another name indicates that other similar efforts would in all probability have been made as soon as the opportunity offered. In discussing this question in an English case (*Young* v. *Niddrie & Benhar Coal Co., Ltd., supra*) Lord SHAW approved the following very appropriate language of an earlier case:

"There may be cases in which a husband's legal obligation to support his wife may be held to be *sopita* or suspended, but when that legal obligation, not discharged by the husband, concurs with total destitution on the part of the wife and inability to support herself, the bare fact that at the date of his death the husband was not implementing his obligation is not sufficient to prevent us from holding that the wife was wholly dependent on him. Neither, in my opinion, is the question affected by the fact that during the husband's absence and neglect the wife was kept from starvation by the casual charity of strangers, or even of relatives who might have been bound to support her if the husband had not been alive."

Neither does it appear from the findings whether the circumstances of the children or the mother were such at the time of the injury as to make them dependent in fact. Having disposed of the case upon the theory that legal liability only was sufficient to show this, the pecuniary circumstances of the children and their mother at that time were not considered by the Commission. The ability and willingness of the stepfather to support the applicants might also, under the circumstances, be important.

Since the only power the court has is to annul and set aside the award, it is ordered that this be done.

ROSS, C. J., and LOCKWOOD, J., concur.