[Civil No. 2734.   Filed July 16, 1928.]

[269 Pac. 77.]

THE OCEAN ACCIDENT & GUARANTEE COR-
PORATION, LIMITED, a Corporation, Peti-
tioner, v. THE INDUSTRIAL COMMISSION
OF ARIZONA, and R. B. SIMS, BURT H.
CLINGAN, and WM. E. HUNTER, Members of
Said The Industrial Commission of Arizona,
Respondents.

(See 32 Ariz. 54, 255 Pac. 598.)

Messrs. Kibbey, Bennett, Gust, Smith & Lyman, for Petitioner.

Mr. John J. Taheny, for Respondents.

LOCKWOOD, J.—Willard De Witt Rogers was accidentally killed in this state on August 15th, 1926, while in the discharge of his duties as an employee of the Central Arizona Light & Power Company. His occupation came within the terms of the Workmen's Compensation Act (Laws 1925, chap. 83), and the Industrial Commission made an award to his widow, Eutrophia Marie Rogers, with whom he was living at the time of his death, and to his two daughters by a former wife, then, respectively, fourteen and eleven years of age, who were at that time living with their mother, Rogers' divorced wife, and their stepfather, D. C. Case, in San Jose, California. Ocean Accident & Guarantee Corporation, a corporation, hereinafter called petitioner, was carrying liability insurance for Rogers' employer, and it brought the award, so far as the minor children

are concerned, before us for review. The case is reported under the title of *Ocean Accident & Guarantee Corp.* v. *Industrial Commission of Arizona*, 32 Ariz. 54, 255 Pac. 598. The award was set aside, and the case remanded for further action. Another hearing was held, further evidence taken, and a second award was, made, in amount similar to that of the prior one, and petitioner has again brought the matter before us.

The objection made both on the previous review and now is that the two children are not entitled to compensation, for the reason that they were not at the time of Rogers' death, within the meaning of the Compensation Law, dependent upon him. It appeared from the evidence at the first hearing that Rogers had been divorced from the mother of the children, and that in the divorce proceedings their custody was given to her, and he was ordered to pay seventy-five dollars per month for their support. With the exception of the payment of a very small amount, he failed to comply with the order of the court, and was arrested on a criminal complaint, charged with failure to support the children. He was released upon probation on the condition that he would pay forty dollars per month for their support, but immediately after his release, surreptitiously removed from California, and took the name of W. D. Rice, and at the time of his death was passing under that name, having made no payments whatever upon either of the orders of the court above referred to since leaving California.

In the first review we laid down the rule for determining the dependency of children in cases of this nature. Therein we said:

"In those cases in which the deceased employee is not the parent with whom the children reside at the time of injury, and the other parent survives, their right to compensation rests upon their de-

pendency upon the deceased at the time of his injury, and this, like any other question of fact, requires proof. . . .

"In determining actual dependency, it was proper for the commission to take into consideration the deceased's legal obligation to support, though under the authorities this alone was not sufficient to establish it. . . .

"To hold that it was, in view of the fact that parents are legally obligated to support their minor children would obviate the necessity of proof in all cases in which the applicant seeks compensation as the child of a deceased employee, because it would result in placing him in the class presumed to be dependent, notwithstanding the statute provides that this is true of none except those living with the deceased parent at the time of his injury and having no surviving parent. As to all others, proof of dependency is required, and, since one may be legally obligated to do a thing, and yet fail ignominiously in performance, or, as the court said in *Sweet* v. *Sherwood Ice Co.* (40 R. I. 203, 100 Atl. 316), *supra,* since 'liability to support is not the same as actual support,' it is necessary, before such an obligation can be said to be sufficient to show actual dependency, either total or partial, that there exist, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and the tribunal created by law for the determination of this fact is the Industrial Commission. . . .

"In view of further proceedings, it might be well to say that, in determining whether the legal obligation was of any practical value to the children, or whether they were in fact dependent upon deceased at the time of his injury, it is not absolutely essential to show that he actually contributed to their needs in his lifetime. . . .

"If the fact that the deceased went into another state and concealed his identity was all that stood in the way of compelling fulfillment of his legal obligation, it did not follow necessarily that such liability had no practical value. The right to enforce still existed even in this state, and no one can say

that the whereabouts of the deceased might not have become known in the near future, and this obstacle overcome. . . .

"The ability and willingness of the stepfather to support the applicants might also, under the circumstances, be important."

This sets forth substantially the law of the case as laid down by us, and it is of course the law in this proceeding. *Arizona-Parral Min. Co.* v. *Forbes*, 16 Ariz. 395, 146 Pac. 504; *Steinfeld* v. *Zeckendorf*, 15 Ariz. 335, 138 Pac. 1044; *Richardson* v. *Ainsa*, 11 Ariz. 359, 95 Pac. 103; 4 C. J. 1097.

Petitioner objects to the present award on the following grounds:

"(1) That said award so far as it provides for compensation to the children, is contrary to law.

"(2) That said award so far as it provides for compensation to the minor children, is without evidence to support it.

"(3) The award so far as it relates to compensation to the minor children, is not supported by the findings of fact made by the Commission and upon which the award rests."

In the case of *Maryland Casualty Co.* v. *Industrial Commission*, 33 Ariz. 490, 266 Pac. 11, we held:

"A proceeding on a writ of review from an award of the Industrial Commission is in effect an appeal from the decision of such commission, and, except when otherwise provided by statute or the rules of this court, should be governed by the same principles as appeals from the superior court. We therefore will consider in matters of this kind the specific grounds of objection set up by the petitioner as taking the place of assignments of error in the ordinary appeal, and any objection not so set up will be deemed as waived."

We therefore confine our examination of this case to the specific objections made.

Considering the last objection first, that the award is not supported by the findings of fact, the Industrial Commission made voluminous findings, contain-

ing both evidentiary and ultimate facts. According to our decision on the prior hearing, it was necessary that two things concur in order to establish the dependency of the children. The first was that Rogers was under a legal liability to support them. This was clearly shown by the orders of the California court, which were still in full force and effect at the time of Rogers' death. The second was that, to quote again from our previous opinion:

"There exist, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and the tribunal created by law for the determination of this fact is the Industrial Commission."

On this question the Commission found as an ultimate fact:

"In view of the fact that the whereabouts of both Rogers' wife and Rogers' stepson were ascertained a few weeks before his death, and in view of the fact that Rogers, the stepson, and his wife corresponded; in view of the fact that the police authorities intended to institute a watch over the mail of both Rogers' wife and his stepson in order to ascertain Rogers' whereabouts; in view of the fact that the wife of said Rogers had intended to ship furniture belonging to herself and said Rogers from Redwood City to Arizona; in view of the fact that the shipment of said furniture would have led to Rogers' whereabouts; in view of the further fact that a full description and picture of said Rogers had been supplied to the police authorities; in view of the further fact that said Rogers had a broken nose and the initials 'WDR' tatooed on one of his forearms— it is highly probable that, but for his death, the whereabouts of said Rogers would have been ascertained, and he would have been apprehended by the police authorities and compelled to contribute to the support of said minor children. Said Rogers was legally liable for the support of said children at the time of his death, and, by reason of the

aforesaid facts, said liability had a practical value at the time of his death.''

We think there can be no question that this finding shows clearly a reasonable probability that the obligation on the part of Rogers to support his minor children ''had some practical and not merely a theoretic value.'' The findings therefore support the award, and are binding on us if sustained by reasonable evidence. *Federal Mut. L. Ins. Co.* v. *Industrial Commission,* 31 Ariz. 224, 252 Pac. 512.

The second objection is that the award is without evidence to support it. Petitioner in its brief states:

''The facts in this case are undisputed so far as they relate to the question of dependency, and furnish no ground on which reasonable minds might differ. It is therefore a question of law for the court to determine whether or not the claimants were dependent upon their father at the time of his death.''

The Commission made voluminous findings of evidentiary facts, which need not be quoted, but which amply justify the ultimate facts found. These evidentiary facts must be the ones referred to by petitioner as ''undisputed.'' If these facts are undisputed, we cannot see whereon petitioner rests its claim that there is not substantial evidence to support the award. Its only specific argument to that effect is that the evidence in support of some of these findings was hearsay. There is a conflict of the authorities as to whether or not hearsay testimony is legal evidence in compensation proceedings. Section 91 of the Compensation Law reads as follows:

''Section 91. *Latitude of Commission in Procedure.* The commission shall not be bound by the usual common law or statutory rules of evidence, or by any technical or formal rules of procedure, other than as herein provided; but may make the investiga-

tion in such manner as in its judgment is best calculated to ascertain the substantial rights of the parties and to carry out justly the spirit of this Act.''

The statutes of Virginia and California also provide, in substance, that the Commission is not bound by the common-law or statutory rules of evidence, and the Supreme Court of those states have held that under such statutes hearsay evidence in compensation cases is admissible, and, if probatively sufficient in the judgment of the Commission, it will sustain an award in the same manner as would direct testimony. *American Furniture Corp.* v. *Graves*, 141 Va. 1, 126 S. E. 213; *Pacific Employers' Ins. Co.* v. *Industrial Acc. Com.*, 77 Cal. App. 424, 246 Pac. 825. The only case we have been cited to holding the contrary is *Lloyd-McAlpine Logging Co.* v. *Whitefish*, 188 Wis. 642, 206 N. W. 914. The Wisconsin act (Stats. 1925, § 102.01 et seq.), however, does not, like ours, provide that the Commission shall not be bound by the common-law rules of evidence, and so is not in point.

But it is also urged that the findings of the Commission show the children were at the time of Rogers' death totally dependent upon their stepfather, and that, as minors cannot be totally dependent upon two different persons under compensation statutes, they could not be dependent upon their natural father. It is true that under our Compensation Law stepparents may be regarded as parents, if the fact of dependency is shown. We think, however, that in such cases dependency implies that the step-parent has accepted the obligation, not otherwise legally resting upon him, of providing for his stepchildren, as the mere fact of marriage does not impose such liability. *Gerber* v. *Bauerline*, 17 Or. 115, 19 Pac. 849; *Menefee* v. *Chesley*, 98 Iowa 55, 66 N. W. 1038. In the present case the findings are that at no time

did the minor children or their mother release Rogers from his obligation to support them, and that they at all times endeavored to compel such support; that the children had never been adopted by their stepfather, and have always borne the name of their natural father. We are of the opinion that these probative facts were sufficient to sustain the ultimate finding of fact made by the Commission to the effect that said minor children of Rogers looked to him for support at all times, and were dependent upon him for support at the time of his injury and death.

The position of petitioner, if carried to its logical conclusion, would mean that, if an abandoned child was supported by casual charity, it could not recover compensation for the death of the parent who deserted it. This is not the law. *Young* v. *Niddrie & Benhar Coal Co.*, 6 Butterworth's Compensation Cases, 774; *McGarry* v. *Industrial Commission,* 64 Utah 592, 39 A. L. R. 306, 232 Pac. 1090. The first objection that the award is contrary to law is answered by what we have already said.

It appearing to us that the probative facts are admitted by petitioner to be undisputed, that the ultimate findings of fact made by the Commission are supported by such probative facts, and that such ultimate facts as a matter of law sustain the award made, it is ordered that the award is in all things affirmed.

ROSS, C. J., and McALISTER, J., concur.