350 P.2d 392

William Arthur THOMAS, minor child of Horton F. Thomas, deceased, Petitioner,

v.

INDUSTRIAL COMMISSION OF ARIZONA, and Tucson Gas, Electric Light and Power Company, Respondents.

No. 6878.

Supreme Court of Arizona.

March 16, 1960.

Lawrence Ollason, Tucson, for petition-er.

C. E. Singer, Jr., Phoenix, for respondent Industrial Commission of Arizona, Donald J. Morgan, James D. Lester, Frances M. Long, and Edward E. Davis, Phoenix, of counsel.

UDALL, Justice.

Review by certiorari of an award of the Industrial Commission of Arizona denying death benefits to petitioner William Arthur Thomas, minor son of a deceased employee.

Decedent Horton F. Thomas was, at the time of his death, an employee of the Tucson Gas, Electric Light and Power Company. He died as the result of an injury arising out of and in the course of his employment, on August 1, 1955. No dependents appeared to claim death benefits under the Workmen's Compensation Law, hence on August 14, 1956, the Industrial Commission entered its award and findings, declaring that decedent left no person surviving him and dependent upon him for support, and directing the payment of $1,150 to the State Vocational Rehabilitation Fund.

Some two years thereafter the matter was reopened to allow consideration of the instant claim. The Commission had received from petitioner his Dependent's Claim for Compensation, accompanied by an affidavit in support thereof. A hearing was held by the Commission, the record therein consisting of petitioner's formal claim (on the standard form provided by the Commission), two affidavits by petitioner, and one by his mother.

The facts presented can be summarized as follows: Petitioner, the natural son of decedent, was sixteen years of age at the time of the fatal injury. Petitioner and his

mother had been deserted by decedent in 1949, at which time they were living in California. Neither petitioner nor his mother had any direct communication with decedent at any time thereafter. The mother and son returned to their family home in Tennessee, where, in 1953, Mrs. Thomas brought suit for divorce against her husband on grounds of abandonment. Since decedent's whereabouts were unknown, service upon him in this action was had by publication. The Tennessee court granted a divorce decree. Because decedent was not personally subject to the jurisdiction of the court, the decree made no provision for support or maintenance.

In the years following the desertion, petitioner continued to live with his mother, who, to the best of her ability, provided for his support. Petitioner himself took employment of various kinds, and the two were more or less self-sufficient. From time to time money orders in various amounts were sent by decedent to his mother (petitioner's grandmother), who also resided in Tennessee. It is not clear from the record whether any part of these remittances ever found their way into the hands of petitioner or his mother. Petitioner's grandmother was unwilling or unable to disclose the whereabouts of her son, revealing only that he was, at various times, in Alaska, Okinawa, and Japan. Petitioner had no way of knowing when or from where such payments would come, or

whether any portion thereof would be turned over to him; and he had no reasonable expectation of their continuing. This was the situation existing on August 1, 1955, the day of the fatal injury to decedent in Tucson.

On the basis of this record the Industrial Commission entered its Findings and Award denying compensation to petitioner on grounds that he "was not dependent upon deceased for support on August 1, 1955." An application for rehearing was duly filed by petitioner. The only significant addition to the record upon rehearing was a further affidavit by petitioner in which he stated:

"The only support that I received was what I actually earned and what my mother earned. I received no support from anyone else. My mother did not remarry until March 11, 1955, nor was I a member of any other household besides that consisting of my mother and myself.

"Although my mother and I were able to supply to ourselves the necessities of life, we by no means were able to live in relation to my father's class and position in life."

Thereafter the Commission entered its decision on rehearing and order affirming previous findings and award. We granted certiorari.

■ In Ocean Accident & Guarantee Corp. v. Industrial Commission, 32 Ariz. 54, 63, 255 P. 598, 601, this Court said:

"* * * the provision for death benefits was placed in the Workmen's Compensation Act for the purpose of compensating dependents, * * *, for the loss sustained by them as a result of the death of an employee, * * *."

If the death of the employee results in no financial loss to the survivors, then they are not entitled to death benefits under the statute.

There is an exception to this general rule. A.R.S. § 23–1046, subd. A lists a schedule under which specified amounts are to be paid to certain enumerated classes of dependents. One such class is, in the language of the statute:

"5. To a single surviving child, in the case of the subsequent death of a surviving wife, or a dependent husband, or if there is no surviving wife or dependent husband, twenty-five per cent of such average wages, * * *."

Following this enumeration, the statute reads:

"8. If there are no dependents in the foregoing schedule, dependency shall be determined according to the facts as of the time of the injury."

§ 23–1064, subd. A contains a list of persons "conclusively presumed to be totally dependent for support upon a deceased employee." As to those not covered by the conclusive presumption, the statute goes on to state:

"B. Questions of dependency and the extent thereof shall be determined as of the date of the injury to the employee, * * *." (§ 23–1064)

■ In the Ocean Accident & Guarantee Corp. case, supra, the Court considered the interrelation of the statutory predecessors of these two sections (then §§ 70 and 72, respectively, Chapter 83, Laws 1925). Therein it was held that § 70 was to be read together with § 72, and that the former section did not confer death benefits in the absence of proof of actual dependency, except in those cases covered by the conclusive presumption set out in the latter provision. Therefore, although petitioner may come within the language of § 23–1046, it still is incumbent upon him, in order to establish his right to death benefits, to prove that—either by virtue of the statutory conclusive presumption in § 23–1064, or on the facts existing at the time of the fatal injury—he was a dependent of decedent. It is clear—and there is no assertion to the contrary—that petitioner is not one entitled to the conclusive presumption of dependency, since he was not living with his father at the time of injury (see A.R.S. § 23–1064, subd. A, par. 3). This, of course, does not necessarily preclude petitioner from receiving any benefits. As

was stated in Ocean Accident & Guarantee Corp., supra:

"* * * In those cases in which the deceased employee is not the parent with whom the children reside at the time of injury, and the other parent survives, their right to compensation rests upon their dependency upon the deceased at the time of his injury, and this, like any other question of fact, requires proof." 32 Ariz. 62, 255 P. 600.

The problem, then, is whether, on the facts contained in this record, the petitioner has established his actual dependency upon decedent.

In attempting to carry his burden of proof of dependency, petitioner advances two major considerations:

1. His father had a legal obligation to support him, even though this obligation had not been reduced to a judgment or decree. Citing Barrett v. Barrett, 44 Ariz. 509, 39 P.2d 621.

2. Petitioner's own earnings, and his mother's contributions to his support, were not sufficient to maintain him "in a manner befitting his class and position in life." Citing, Magma Copper Co. v. Aldrete, 70 Ariz. 48, 53, 216 P.2d 392, 395. We shall consider these points seriatim.

1. *Decedent's legal obligation to support.* The fact that petitioner was the minor son of decedent is itself sufficient to establish the legal obligation relied upon. Barrett v. Barrett, supra. However, the question is as to the effect which this has in the determination of dependency under the Workmen's Compensation Law. This phase of the case is covered by our decision in the Ocean Accident & Guarantee Corp. case, supra. Therein it was said:

"In determining actual dependency, it was proper for the Commission to take into consideration the deceased's legal obligation to support, though under the authorities this alone was not sufficient to establish it. 'The existence or nonexistence of a legal obligation to support, though persuasive, and a factor to be considered in determining dependency, is not conclusive, unless made so by statute.'" 32 Ariz. 65, 255 P. 601.

Further, from the same decision:

"* * * as the court said in Sweet v. Sherwood Ice Co., [40 R.I. 203, 100 A. 316], since 'liability to support is not the same as actual support,' it is necessary, before such an obligation can be said to be sufficient to show actual dependency, either total or partial, that there exist, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and the tribunal

created by law for the determination of this fact is the Industrial Commission." 32 Ariz. 66, 255 P. 602.

This decision demonstrates that the question of "practical value" of the legal obligation to support is not determined solely by a finding that the decedent did or did not actually contribute to the petitioner's needs during his lifetime, for, as this Court said:

"If the fact that the deceased went into another state and concealed his identity was all that stood in the way of compelling fulfillment of his legal obligation, it did not follow necessarily that such liability had no practical value. The right to enforce still existed even in this state, and no one can say that the whereabouts of the deceased might not have become known in the near future, and this obstacle overcome." 32 Ariz. 68, 255 P. 602.

In the case above quoted, the matter was remanded to the Industrial Commission, which again entered an award in favor of the claimant. In a second opinion, 34 Ariz. 175, 269 P. 77, the award was affirmed, the Court holding that there was sufficient evidence to justify the Commission's finding that the legal obligation had some practical value to the dependents, since the apprehension of the fugitive father was imminent.

In the instant case it is admitted that neither petitioner nor his mother had any knowledge of where decedent could be found. They had no expectation of enforcing his legal obligation, i. e., the outstanding account receivable was, it appears, uncollectible. Nor was there any reliance by petitioner upon his father for support. His own sworn statements negative any such dependence.

Petitioner relies upon several cases from other jurisdictions to substantiate his theory that dependency under the statute can rest on a legal obligation alone. His leading case is a California decision, Southern California Edison Co. v. Industrial Accident Commission, 92 Cal.App. 355, 268 P. 415. The question before the court therein concerned the existence of a legal obligation to support—something which is conceded in the instant case. The California court recognized that, if such legal obligation were established, the claimant would clearly be entitled to benefits under the statute there in force, which states that: " * * * it shall be conclusively presumed that a child under the age of 18 years is 'wholly dependent for support upon a deceased employee.' " 268 P. 416. Obviously this decision has no application to the problem before us, since—under our statute (A.R.S. § 23-1064, supra)—the minor child is entitled to such conclusive presumption only when he was living with the deceased employee at the time of the injury, and there is no surviving parent. Other decisions cited by petitioner—all coming from juris-

dictions with dissimilar statutes—are equally inapplicable.

■ From the foregoing it is clear that petitioner's contentions rest not upon the law as it is, but as to what he contends it ought to be. He asserts that the minor child of a deceased employee—the beneficiary of a legal obligation to support—*should* receive death benefits under the Workmen's Compensation Law, regardless of whether or not he was actually dependent upon his father. As a matter of public morality, he may be right. However, the provision for death benefits is entirely statutory, and the award sought by petitioner does not come within the present law. Hence any change therein is the responsibility of the legislature and not of this Court. We can only say that—as the law now stands—petitioner is not entitled to the conclusive presumption of dependency, and there are no facts to support a finding that an actual dependency existed.

2. *Petitioner's ability to support himself.* Petitioner apparently takes the position that a dependency can exist, even though no actual support contributions are forthcoming, if the lack of such contributions puts the purported dependent in the position of having to live below the "manner befitting his class and position in life." (The standard of living to which such dependent is entitled is presumably based upon that of his father, or whoever is legally liable for his support.) This contention is de-

rived from our decision in Magma Copper Co. v. Aldrete, 70 Ariz. 48, 216 P.2d 392, wherein it was declared that no one can be regarded as a dependent:

" ' * * * whose financial resources at his command or within his power to command by the exercise of such efforts on his part as he reasonably ought to exert in view of the existing conditions, are sufficient to sustain himself and family in a manner befitting his class and position in life without being supplemented by the outside assistance which has been received or some measure of it.' " 70 Ariz. 53, 216 P.2d 396, quoting from Gherardi v. Connecticut Co., 92 Conn. 454, 103 A. 668, 670.

We need not decide whether the principle set out in the Magma Copper Co. case, supra, is properly applicable—in a converse sense—to a situation of this nature. It is sufficient to state that the record contains no facts upon which a determination of the "class and position in life" of either petitioner or decedent can be based.

Inasmuch as the findings and award of the Industrial Commission are supported by substantial evidence, we hold that petitioner failed to bear the burden of proving his dependency within the terms of the Workmen's Compensation Law.

Award affirmed.

STRUCKMEYER, C. J., and JOHNSON and BERNSTEIN, JJ., concur.

PHELPS, Justice (specially concurring).

I concur in the foregoing decision for the reason that no other conclusion is possible under the present law; however, I protest the injustice thereof. There is urgent need for a revision of A.R.S. §§ 23–1046 and 23–1064, of the Workmen's Compensation Act, to enable a natural child abandoned by his father to recover "death benefits" upon the demise of the father regardless of whether he had contributed anything to the child's support since said abandonment. The statutory requirement that the child must be living with such parent at the time of the fatal injury should not be necessary to create a conclusive presumption of dependency.