STATE INDUSTRIAL ACCIDENT COMMISSION, INSURER,

*vs.*

WILLIAM OLIVER DOWNTON ET AL., CLAIMANTS.

*Workmen's Compensation—Partial Dependency—Children of Divorced Employee.*

The Workmen's Compensation Act (Code, Art. 101), Sec. 36, does not create any presumption of total dependency of children on their father in case they are living apart from him.
pp. 414, 415

Children who are living with and practically supported by their mother, though they occasionally receive small money presents from their father, who is divorced from their mother, are to be regarded as in a state of partial rather than total dependency on the father. pp. 414-416

The question of total dependency is not to be determined solely from the legal obligation to support, but such legal obligation must be coupled with a reasonable probability that it will be fulfilled. p. 416 .

*Decided December 10th, 1919.*

Appeal from the Circuit Court for Allegany County (HENDERSON, J.).

The cause was argued before BOYD, C. J., BURKE, THOMAS, URNER, STOCKBRIDGE and ADKINS, JJ.

*Wm. Pinkney White, Jr., Assistant Attorney General,* with whom was *Albert C. Ritchie, Attorney General,* on the brief, for the appellant.

*Walter C. Capper,* with whom was *J. Philip Roman* on the brief, for the appellees.

STOCKBRIDGE, J., delivered the opinion of the Court.

Thornton Downton was a coal miner, employed by the Cumberland Big Vein Coal Co., which company had insured its employees under the Workmen's Compensation Act in the Industrial Accident Fund.

On the 20th December, 1918, Thornton Downton was injured between the tipple and the mouth of the mine, and died from his injuries on the same day.

He had been married a number of years before the accident, but his wife had secured a divorce from him, and was not living with him when the accident occurred. As the result of the marriage there were two children, William Oliver Downton, ten years of age, and Marian Grace Downton, seven years of age at the time of the happening of the accident.

By the decree of divorce there was no allowance of permanent alimony to Mrs. Downton, and the custody of the two children was given to her. They had made their home with their mother from the time of the separation of their parents, and except for a brief space of time Mr. Downton made no provision whatever for their support. He would frequently see them at the barbershop of his brother-in-law, or meet them on the street, and at such times was in the habit of giving them a half dollar, quarter of a dollar or dime, and on rare occasions gave them clothing, such as shoes and other articles. The total value of these gifts is not fixed by any of the witnesses, the nearest approximation to it is as being in the neighborhood of $10, or a little in excess of that amount. This sum so irregularly given was entirely inadequate for the support of the two children, of whom he is said to have been very fond.

The case was investigated by the State Industrial Accident Commission, and that Commission made an award in favor of the children, as for a case of partial dependency. From the award of the Commission an appeal was taken to the Circuit Court for Allegany County, where the action of

the Commission was virtually reversed, by reason of the instructions granted, and the award was that provided by the Act for a case of total dependency.

Two prayers were presented to the Court, embodying the views respectively of the State Industrial Accident Commission, and of the guardian of the minor children. Those prayers are as follows:

"Appellants pray the Court to instruct the jury that if they find from the evidence in this case that the infant children of Thornton Downton, deceased, were under the age of sixteen years at the time of his death; that they had no property of their own and that no other person except the said Thornton Downton was under any legal or actual liability to support them, and that they were not living apart from their father of their own choice, that then they were wholly dependent on the said Thornton Downton for support, and their answer to the issue of fact submitted to them should be 'Yes.' "

"The defendant prays the Court to instruct the jury that a dependent is one who looks to another for support and maintenance, and who relies on another for the reasonable necessities of life, and if, from all the evidence in this case the jury believe that the infant children, namely, William Oliver Downton and Marian Grace Downton, were supported and maintained in part by other persons, than the said Thornton Downton, then their verdict must be for the defendant."

Bills of exception were taken to the rulings of the Court and form the only bills contained in the record.

The Circuit Court had before it a transcript of the testimony taken before the Accident Commission, and one other witness, who did not in any important particular vary the substance of the evidence from the statement given above.

The issue now to be determined is, therefore, whether the facts already recited make out a case of partial or total dependency under the terms of the Maryland statute.

It has been strenuously urged that Section 35 of the Act, codified as Section 36 of Article 101 of the Code, by using

the language "the following persons shall be presumed to be wholly dependent for support upon a deceased employee," establishes a case of total dependency as matter of law; but this contention ignores the concluding words of the same section, "living with or dependent upon the parent at the time of the injury or death."

There have been quite a number of cases involving this question. The decision of this Court will be found in the case of *Grant* v. *Kotwall,* decided this year, and reported in 133 Md. 573, and in citing from a number of authorities especial weight is given to the case of *Conners* v. *The Public Service Elec. Co.,* 89 N. J. L. 99. That case uses this significant expression: "We understand the phrases 'actual dependent' and 'who are dependents upon the deceased,' to mean relatives in some degree mentioned in that paragraph (referring to the New Jersey Act) who were being *wholly* or to a *substantial degree* supported by the deceased at the time of his death."

Among the English cases there have been numerous conflicts in the decisions. The case most often cited is that of *New Monkton Colleries Co.* v. *Keeling,* decided in 1911 by the House of Lords, and reported in (1911) A. C. 648, 4 Butterworth W. C. C. 332, and the case which was apparently largely relied upon in that decision was that of *Hodgson* v. *West Stanley Colliery,* (1910) A. C. 229, 3 B. W. C. C., where it was laid down that a widow might be partially dependent on both her husband and her son.

In several of the statutes which have been passed, instead of using the word "presume," the Act has been phrased "conclusively presumed." Examples of this are to be found in Connecticut, Indiana and Rhode Island, and yet when those Acts have been construed it has been held not a conclusive presumption, but rather a rebuttable presumption, sufficient to impose the burden of proof upon either the employer or insurance carrier. *In re Carroll,* 65 Ind. App. —, 116 N. E. 844; *Parson* v. *Murphy,* 101 Neb. 542; *Sweet* v. *Sher-*

*wood Ice Co.,* 40 R. I. —, 100 Atl. 316, and in the Nebraska
and Rhode Island cases it is held that the cases "do not
baldly hold that the legal obligation determines the question
of dependency, but that such legal obligation must be coupled
with a reasonable probability that such obligation will be ful-
filled." The same view will be found in *Blanton* v. *Wheeler
& Howes Co.,* 91 Conn. 226, in which last case also the Eng-
lish adjudications will be found collected.

In view of these decisions, without citing many others to
the same effect, it follows that the Circuit Court for Allegany
County committed an error in granting the prayer of the
appellee, and refusing that of the appellant, and the judg-
ment must be reversed.

> *Judgment reversed, with costs, and cause re-
> manded for a new trial.*