MILDRED LUCILLE GLAZE, RESPONDENT, v. B. F. HART AND TRAVELERS INSURANCE COMPANY, APPELLANTS.*—36 S. W. (2d) 684.

Kansas City Court of Appeals.   January 5, 1931. ·

*McCollum & Schwind* for respondent.

*Mosman, Rogers & Buzard* for appellants.

CAMPBELL, C.—This is an action under the Missouri Workmen's Compensation Act.

The record reveals that on the 2nd day of July, 1928, Floyd Glaze, father of claimant, received an injury while in the employ of B. F. Hart, in consequence of which he died two days later. Claimant, four years of age, is a child of said employee and his wife, Fern.

Employee and his said wife separated in May, 1927, and were, on October 5, 1927, upon her application, divorced by a decree of the district court of Gray county, Texas, which decree by its terms provides that the mother shall have the care, custody and education of claimant. Claimant's mother testified the decedent did not, after the rendition of the divorce decree, contribute anything to the support of herself or child; that she did not expect to receive anything from him; that at or about the time of the separation her husband had conveyed to her some property in Kansas City, and that it was agreed she was to have the full custody and entire support of claimant; that in December, 1928, she married a Mr. Lackey who has since supported herself and child.

Commissioner Shaw heard the cause on February 27, 1929, found total dependency, and awarded claimant compensation at the rate of twenty dollars per week for 366.1 weeks. Upon defendants application that finding and award was reviewed by the full commission who, on the 2nd day of May, 1929, modified and reversed the same and found the facts to be as above stated and that claimant was not a dependent of Floyd Glaze at the time of his death and made an award denying compensation. Claimant appealed to the circuit court, which court found and adjudged that the facts found by the commission were supported by competent evidence but that said findings of fact did not support the final award by the full commission under date of May 2, 1929; that upon the facts found by the commission the claimant is entitled to full compensation as provided in the award by said Orin H. Shaw under date of February 27, 1929, and thereupon rendered judgment setting aside the award of the full commission and awarding judgment in plaintiff's behalf in the sum of twenty dollars per week for 366.1 weeks. From that judgment the appeal is prosecuted.

The plaintiff was not living with the employee at the time of the fatal injury nor had she received support of any kind from him since the decree of divorce. The record is silent as to whether the employee furnished any support after the separation and before the divorce. The custody and control of plaintiff had been awarded to the mother by the decree of divorce and she had assumed the duty thus imposed, had received a conveyance of property, presumably a property settlement, and thereafter was the only person who furnished support to plaintiff.

At the trial the mother testified that the employee had not, since the decree of divorce, contributed food, clothing or money to the

support of plaintiff, and that she did not expect contribution from him either for herself or child.

While the Workmen's Compensation Act should be construed broadly in order to carry out its manifest purpose, its plain and unequivocal terms cannot be extended by judicial construction beyond their reasonable import, and the fact must be constantly borne in mind that the right of compensation does not exist except in the instances and under the circumstances provided in the act.

The legislative provision to be construed in the determination of the question presented is section 21, article D, Laws of Missouri, 1927, page 503, as follows:

"(d) The word 'dependent' as used in this act shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively · presumed to be totally dependent for support upon a deceased employee in the following order . . . to-wit:

"1. A wife upon a husband legally liable for her support, and a husband mentally or physically incapacitated from wage earning upon a wife. . . .

"2. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent or step-parent. . . . In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury." . . .

So far as we are advised the question is one of first impression in Missouri. Appellate courts in other states, however, have passed upon similar facts, and while those holdings are not conclusive on this court, they are persuasive.

In McGary v. Industrial Commission, 222 Pac. 592, the Supreme Court of Utah, the statute of which state is in legal effect the same as that of Missouri, considered a case in which the father of the plaintiff received injuries resulting in his death, it being admitted the case came within the Utah Industrial Act, and in which the court said "the sole question to be determined is one of dependency," and the court states the fact to be that the plaintiff was born June, 1915; that the employee lived with and supported his wife and said child for about seven months thereafter, at which time he deserted and abandoned them, assumed a fictitious name by which he was known to his employers; that the wife and child did not know of his whereabouts until the happening of the injury which resulted in his death; that in November, 1919, plaintiff's mother procured a divorce in Bingham, Idaho. The commission awarded compensa-

tion upon the basis that plaintiff was wholly dependent for support upon his deceased father. The Supreme Court of Utah set aside the finding saying: "It is not necessary to review the cases in detail. They support the contention that under the facts disclosed by the record no dependency is shown by presumption or otherwise. For that reason the award as made should be annulled and set aside." The case came again before the court, 232 Pac. 1090, and the court said: "The primary duty rested upon the parents and to the extent that the mother was unable to support the child, after providing herself with adequate support, the child sustained a distinct loss in the death of his father. The amount of the loss, being dependent upon the amount the mother is able to contribute, is a matter within the jurisdiction of the commission to determine in accordance with the facts."

Two of the judges in a concurring opinion said: "Ordinarily therefore an infant of tender years, like the applicant in the instant case, can be presumed to be wholly dependent upon the parent. For the reason, however, that the custody, nurture, and control of the infant applicant in this case was awarded to the mother by a court of competent jurisdiction, before the death of the father, that presumption cannot prevail. The question of dependency, as pointed out by my associate, is therefore one of fact to be determined by the commission upon competent evidence being submitted to it." The evidence revealed the mother was unable to support the child and had "obtained assistance from the county to the extent of many hundreds of dollars." The award of the commission was set aside and anulled because of procedural errors.

In Rohan Motor Company v. Industrial Commission of Wisconsin, 205 N. W. 930, the Supreme Court of Wisconsin had before it a case in which an employee received an injury resulting in death, leaving a child and divorced wife. The employee had been adjudged to make a weekly payment for the support of the minor child, the care and custody of which had been awarded to the mother. The statute of Wisconsin is in effect, so far as the pending question is concerned, the same as ours. The court held the question of dependency, the facts being undisputed, was one of law as distinguished from one of fact, and that under the undisputed facts, as above stated, the child was not a total dependent but was a partial dependent.

In State Industrial Accident Commission v. Downton, 109 Atl. 63, the father and mother of the applicants had been divorced. There was "no allowance of permanent alimony." The custody of the children was awarded to the mother. The father thereafter frequently saw the children, gave them some clothing and small sums of money. The commission made an award in favor of the children for partial dependency. The Supreme Court of Maryland reversed

the judgment and approved the holding in other cases to the effect that the legal obligation of the father to support the children did not determine the question of dependency "but that such legal obligation must be coupled with a reasonable probability that such obligation will be fulfilled."

In Miller case, 138 N. E. 254, the Supreme Court of Massachusetts considered a case in which the employee came to his death as the result of an injury. His wife, Etta, had obtained a decree of divorce, and the custody of the minor child, Alice, was awarded to her, and the employee ordered to pay three dollars per week for the support of the child. He never made any payment. The Industrial Accident Board ruled that the claimant, the child, Alice, was, at the time of her father's death, conclusively presumed to be wholly dependent upon him for support.

On appeal the court said: "The ruling of the board was wrong, and the decree of the superior court based thereon must be reversed. The further question, whether as matter of fact the claimant was partly dependent for support upon her father at the time of his death was not passed upon by the Industrial Accident Board, and is not before us for consideration. Without intimating any opinion on that subject; if the claimant be so advised, she may apply to the superior court to have the case recommitted to the board for the determination of that issue."

Each of the cases to which special attention is called, cites a number of cases in harmony with the holding therein announced.

Respondent relies, among others, upon the case of Parsons v. Murphy, 163 N. W. 847. In that case a son of the widowed claimant who had promised to support her was accidently killed. He had not in fact given any support to his mother. The court held, however, that the mother was entitled to an award. The court seems to base its holding upon the laws of Nebraska to the effect that before the enactment of the Workmen's Compensation Law the mother could have recovered damage for the death of her son, and that "under the law the mother could compel her son to contribute to her support." "Under such circumstances, the fact existed at the time of the accident which would make her dependent upon her son, although he failed to perform his duty and failed to contribute anything toward her support."

In Missouri a child cannot directly compel a father to furnish support, although the father may be liable criminally for failure to perform his duty in that respect, and civilly liable to one who furnishes necessities to the child.

We are cited to Murrell v. Tennasco Lumber Company, 204 Pac. 72, in which the court held that the failure of a husband to support his wife and child for a considerable period prior to the accident which caused his death, does not of itself prove they were not actual

dependents, and that legal liability to support them did not of itself prove dependency. The facts in that case, however, differ from the facts in the instant case, in this, that divorce had not been granted nor the custody of the child of the employee awarded to another, and the employee had contributed support as long as he was able to do so.

In Ocean Accident & Guaranty Company v. Industrial Commission, 269 Pac. 77, it appeared from the evidence at the first hearing that the employee had been divorced from the mother of the children, and that in the divorce proceedings their custody was awarded to her and he was ordered to pay seventy-five dollars per month for her support. He thereafter paid only a small amount of that allowance, fled the State, took an assumed name and his whereabouts was not known to claimants until after his death.

The court quotes from the first opinion as follows:

"In those cases in which the deceased employee is not the parent with whom the children reside at the time of injury, and the other parent survives, their right to compensation rests upon their dependency upon the deceased at the time of his injury, and this, like any other question of fact, requires proof. . . .

"In determining actual dependency, it was proper for the commission to take into consideration the deceased's legal obligation to support, though under the authorities this alone was not sufficient to establish it. . . .

"To hold that it was, in view of the fact that parents are legally obligated to support their minor children would obviate the necessity of proof in all cases in which the applicant seeks compensation as the child of a deceased employee, because it would result in placing him in the class presumed to be dependent, notwithstanding the statute provides that this is true of none except those living with the deceased parent at the time of his injury and having no surviving parent. As to all others, proof of dependency is required, and, since one may be legally obligated to do a thing, and yet fail ignominiously in performance, or, as the court said in Sweet v. Sherwood Ice Co. (40 R. I. 203, 100, A. 316), supra, since 'liability to support is not the same as actual support,' it is necessary, before such an obligation can be said to be sufficient to show actual dependency, either total or partial, that there exist, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and the tribunal created by law for the determination of this fact is the Industrial Commission. . . .

"In view of further proceedings, it might be well to say that, in determining whether the legal obligation was of any practical value to the children, or whether they were in fact dependent upon de-

ceased at the time of his injury, it is not absolutely essential to show that he actually contributed to their needs in his lifetime.

. . .

"If the fact that the deceased went into another state and concealed his identity was all that stood in the way of compelling fulfillment of his legal obligation, it did not follow necessarily that such liability had no practical value. The right to enforce still existed even in this State, and no one can say that the whereabouts of the deceased might not have become known in the near future, and this obstacle overcome. . . .

"The ability and willingness of the stepfather to support the applicants might also, under the circumstances, be important."

In the course of the opinion the court said: "It was necessary that two things concur in order to establish the dependency of the children. The first was that Rogers was under a legal liability to support them. This was clearly shown by the orders of the California court." . . . Second, that "there exists, in addition to the obligation itself, some reasonable probability that it will be fulfilled; that is, that it have some practical and not merely a theoretic value. Whether it has such value is a question of fact in each particular case, and *the tribunal created by law for the determination of this fact is the Industrial Commission.*" (Italics ours.) The court affirmed the award of the commission stating "the commission made voluminous findings of evidentiary fact which need not be quoted." The court says, however, that at no time did the minor children or the mother release Rogers from his obligation to support them, but that they at all times endeavored to compel such support.

In the instant case the decree of divorce did not obligate the employee to support plaintiff and the mother expressly stated that she did not expect support from him either for herself or child. There was some evidence rather meager and unsatisfactory to the effect that the employee had expressed an intention or desire to contribute to the support of plaintiff. The value of that evidence was clearly for the commission, and the commission did not make any finding on the question, unless the finding that claimant "was not a dependent" includes that question.

From the foregoing it appears that by the greater weight of authority in order to establish dependency, either total or partial (except in those instances in which by statutory enactment dependency is conclusively presumed) it must be made to appear that the employee was under legal liability to support the claimant, and that in addition to the legal obligation it must be shown there is reasonable probability that that duty will be fulfilled, and the value of the evidence tending to show there is reasonable probability the legal duty will be performed, is a question of fact in each particular

case for the determination of the tribunal created by law and vested with authority to determine the facts.

In this case the circuit court made an award upon the theory that the facts found by the Workmen's Compensation Commission as a matter of law revealed claimant to be totally dependent for support upon her deceased father. Neither the circuit court nor this court has power or jurisdiction to make findings of fact in any case arising under the act. That power the legislature had committed to the Workmen's Compensation Commission. ''The findings of fact made by the commission within its power shall be conclusive and binding.''

The statute, section 21, provides that a child under eighteen years of age is conclusively presumed to be totally dependent for support upon a deceased employee parent with whom he is living at the time of the injury. Claimant was not living with the deceased employee at the time of injury, and it is therefore obvious presumption of dependency cannot be indulged. The other statutory provision is that in all other cases questions of total or partial dependency shall be determined according to the facts. Therefore, whatever right claimant may have must arise from this latter provision.

The question, and only question presented for determination is, did the circuit court correctly rule that the facts found by the commission reveal that claimant was, on July 2, 1927, as a matter of law, totally dependent for support on her father? We think not. For about one year before the father's death, the mother was the sole support of claimant. The divorce decree did not relieve the father from the legal obligation to support claimant, but it did impose upon the mother *some* duty in that respect, and even though the commission had found, which it did not, that there was reasonable probability that the employee would fulfill his legal obligation to support the plaintiff, the plaintiff was, nevertheless, under the facts found by the commission, not totally dependent upon him for support. It would be doing violence to the plain, ordinary meaning of the word total to hold that claimant, in the circumstances revealed in said findings, was, at the time of injury, totally dependent upon the employee for support. The word total is defined as whole; undivided; entire; complete in degree; utter; absolute. Considering the fact that the mother had been the sole support of claimant for about one year before the death of the employee, it would be a strain and unnatural construction to hold that claimant was totally depend upon the ''wages'' of a person who had not furnished support for so long a period of time, and one who did not have the custody or control nor the right to the custody or control, and one whom the commission did not find would ever fulfill his legal obligation to furnish support.

We have refrained from expressing an opinion on the question as to whether the finding by the commission that there was "no dependency" is one of fact as distinguished from one of law for the reason that that question is not presented for decision, and for the same reason we do not express an opinion as to whether the facts found by the commission as a matter of law reveal partial dependency. We do hold the Workmen's Compensation Commission is the only tribunal having jurisdiction to make "findings of fact" in any case coming within the act, and that the circuit court was in error in holding that the facts found by the commission reveal as a matter of law that claimant was totally dependent for support upon the "wages" of the employee at the time of injury.

The judgment is reversed and the cause remanded. The Commissioner so recommends. *Boyer, C.*, concurs.

PER CURIAM:—The foregoing opinion by CAMPBELL, C., is hereby adopted as the opinion of the court. The judgment is reversed and the cause remanded. All concur, except *Trimble, P. J.*, absent.