MARY ELIZABETH KENNEDY, ESTELLA MARIE KENNEDY AND ROBERT JAMES KENNEDY, RESPONDENTS, v. EUGENE KELLER AND THE FIDELITY & CASUALTY COMPANY OF NEW YORK, APPELLANTS.*— 37 S. W. (2d) 452.

St. Louis Court of Appeals. Opinion filed April 7, 1931.

*George A. Hodgman* for appellants.

*Nichols, Tipton & Tipton* and *May & May* for respondents.

SUTTON, C.—This is an action under the Workmen's Compensation Law.

Plaintiffs are the minor children of Robert J. Kennedy, an employee of defendant, Eugene Keller. Defendant, Fidelity & Casualty Company of New York is the insurer of Keller's liability. Keller operated a stone quarry near Louisiana, in Pike county. Robert J. Kennedy was employed by Keller as a truck driver. On April 19, 1928, while so employed, Kennedy met with an accident which caused his death. There is no dispute that the accident arose out of and in the course of his employment. Plaintiffs at the time of the death of their father were living with their mother and step-father at Muscatine, Iowa. Their mother was divorced from their father on November 24, 1924, and their custody was awarded to their mother, who was awarded $25 per month for their support. At the time of their father's death they were respectively, nine, seven and five years of age. They had not lived with their father since the divorce was granted, in 1924. He paid the money awarded for their support for eleven months, but made no further payments. The mother did not know his whereabouts from the time he made his last payment until his death, and never heard from him. In September, 1926, she remarried, and afterwards the plaintiffs lived with her and her husband, and were supported by him. The Probate Court of Pike county, on February 13, 1929, appointed L. O. Calvert as their curator. On February 14, 1929, he instituted this action on their behalf before the Workmen's Compensation Commission. The commission disallowed their claim, and they appealed to the circuit court, which court, on October 7, 1930, reversed and set aside

the award of the commission, and awarded plaintiffs compensation based on the average weekly wage of their father for a period of three hundred weeks, amounting to $3,540. To reverse this judgment the defendants have brought the case here by appeal.

The judgment of the circuit court was arrived at on the theory that the evidence showed the plaintiffs were totally dependent upon their father for their support. The defendants insist here, as ground for reversal of the judgment, that since the plaintiffs were not living with their father at the time of his death, and were therefore not conclusively presumed to be totally dependent upon him for their support, and since the evidence shows that he contributed nothing to their support for several years before his death, and the plaintiffs were therefore not in fact dependent upon him for support, they failed to make out a case of either total or partial dependency upon him for their support.

The Workmen's Compensation Law (section 3319 (d), Revised Statutes 1929) provides as follows:

"The word 'dependent' as used in this chapter shall be construed to mean a relative by blood or marriage of a deceased employee, who is actually dependent for support, in whole or in part, upon his wages at the time of the injury. The following persons shall be conclusively presumed to be totally dependent for support upon a deceased employee in the following order and any death benefit shall be payable in the following order, to-wit:

"1. A wife upon a husband legally liable for her support, and a husband mentally or physically incapacitated from wage earning upon a wife. . . .

"2. A natural, posthumous, or adopted child or children, whether legitimate or illegitimate, under the age of eighteen years, or over that age if physically or mentally incapacitated from wage earning, upon the parent with whom he is living at the time of the death of such parent, there being no surviving dependent parent or step-parent. . . . In all other cases questions of total or partial dependency shall be determined in accordance with the facts at the time of the injury."

The word "dependent" ordinarily means in need of aid or support; not self-sustaining. A dependent person is one who has not the means of his own to support himself. A total dependent is one who has no means whatever to support himself. A partial dependent is one who has some means, but not sufficient for his support. The plaintiffs here were obviously totally dependent. They had no means of their own, and were utterly without earning capacity. That such dependency was actual—that is, real—there could hardly be the suggestion of a doubt. Upon whom then were they dependent? Being infants of tender years, they would ordinarily be presumed to be dependent upon their father, upon whom the law imposes the

primary duty to support them. Their custody, however, had been awarded to their mother by the divorce decree, and they were receiving their support from their step-father, but the duty to support them was not imposed upon their mother by the decree, but on the contrary was imposed thereby upon their father, so that he was bound to support them as a primary duty, not only by virtue of the law, but by virtue of the decree of the court as well. There can be no question that the support which they received from their step-father was such as their father was legally bound to provide as a primary duty. If after having been abandoned by their father, they had been supported by some charitably inclined stranger or neighbor, or by some charitable institution, or by the State, would the courts hold that they were therefore not dependent upon their father for their support, and not entitled, upon his death, to the death benefit provided by the statute? We cannot bring ourselves to believe that the Legislature so intended. Yet, this is precisely what the defendants' construction of the statute leads to. Manifestly plaintiffs were, under the conceded facts, totally dependent for their support upon their father at the time of his death, within the meaning of the statute, and entitled to compensation on that basis. We think this view is supported by the authorities, but it is so obviously in accord with both the letter and spirit of the statute that the citation of auhorities ought not be necessary. Nevertheless, see: Panther Creek Mines v. Industrial Commission (Ill.), 130 N. E. 321; Serrano v. Cudahy Packing Co. (Iowa), 190 N. W. 132; McGarry v. Industrial Commission, 64 Utah, 592, 232 Pac. 1090; McGarry v. Industrial Commission (Utah), 222 Pac. 592; Industrial Commission v. Drake (Ohio), 134 N. E. 465; Rohan Motor Co. v. Industrial Commission (Wis.), 205 N. W. 930; Robinson v. Robinson, 268 Mo. 703, 186 S. W. 1032; Foote v. Depay, 126 Iowa, 366; Guthrie County v. Conrad, 133 Iowa, 171; Walters v. Niederstadt (Mo. App.), 194 S. W. 514; Kershner v. Kershner, 202 Mo. App. 238.]

If the divorce decree had, as in the McGarry case, imposed upon the plaintiff's mother the duty of supporting them, and she had in fact supported them, a very different case from that we have before us would be presented.

It will be observed that the statute makes the wife conclusively dependent upon a husband legally liable for her support, and puts it on the sole ground of such legal liability. It is inconceivable that the statute makes the wife conclusively dependent upon her husband because he is legally liable for her support, though she lives separate from him, and though she may in fact have ample means, or ample earning capacity, to support herself, and yet intends that his infant children of tender years, who are shown to be wholly without the means, or the earning capacity, to support themselves, and are

therefore in fact actually dependent, are not to be regarded as dependent upon him, though he alone is legally liable for their support, because, forsooth, he does not in fact support them, but leaves them to be supported by one who is in no way obligated to do so.

Of course, the dependency of these plaintiffs upon their father is not conclusively presumed since they were not living with him at the time of the accident, but the undisputed evidence shows actual dependency upon him, and on such evidence the court found such actual dependency, and entered judgment accordingly. The authority of the court to enter such judgment on the evidence is not in question, since the record shows that the parties in open court consented that it might do so, and waived and dispensed with a remanding of the cause to the commission.

This case is distinguishable from Glaze v. Hart, decided by the Kansas City Court of Appeals, in that in that case, though the child claiming compensation had been awarded by the court in the divorce decree to the custody of its mother, there was no award made against its father for its support, but on the contrary, it was agreed between the father and the mother that she should have the custody and entire support of the child, the father conveying to the mother some property in Kansas City.

There is no merit in the contention that the plaintiffs' claim is barred for not having been filed within six months after the injury. The claim was filed directly after their curator was appointed, and it was in time, if filed within six months after such appointment. [Section 3337, Revised Statutes 1929.]

The commissioner recommends that the judgment of the circuit court be affirmed.

PER CURIAM:—The foregoing opinion of SUTTON, C., is adopted as the opinion of the court. The judgment of the circuit court is accordingly affirmed. *Haid, P. J.,* and *Becker* and *Nipper, JJ.,* concur.