This is an appeal from an order of the Industrial Accident Board denying compensation to the widow of Nick Konin (Conin) who was killed on March 27, 1945 at Yellow Pine, Idaho, as the result of an accident arising out of and in the course of his employment by Bonanza Mines, Inc.
The sole question presented by this appeal is whether or not the claimant was actually dependent, either wholly or partially, upon deceased within the meaning of that part of Section 43-1102, I.C.A., which provides:
"43-1102. Dependents. — The following persons, and they only, shall be deemed dependents and entitled to compensation under the provisions of this act:
* * * * * *
"The widow only if living with the deceased at the time of the accident, or actually dependent wholly or partially, upon him.
* * * * * *
"The relation of dependency must exist at the time of the accident."
The Board found as follows:
"Lena Konin (otherwise Conin), claimant herein was married to decedent Nick Konin on May 26, 1938, at Blue Earth, Minnesota; *Page 31 
there are no children of said marriage; said spouses lived together near Granada, Minnesota, for about three months; they were then separated and did not live together thereafter; claimant did not hear from said Nick Konin and knew nothing of his whereabouts until notified of his death in 1945 by relatives at Fort Dodge, Iowa; between 1938 and 1945 said Nick Konin made no provisions for and did not contribute anything whatsoever to the support or maintenance of claimant; said claimant never heard of or from Nick Konin from 1938 until she heard of his death in 1945, and during said period he never sent any money or anything of value to said claimant; and during said time said claimant supported herself and was not actually dependent upon said Nick Konin for support or maintenance."
The facts are undisputed. From the record it further appears that claimant was previously married to one Charles Galkin, who died in 1932. By this marriage she had seven children who, at the time of her marriage to the decedent, ranged in age from ten to twenty-seven years.
Immediately after the marriage, claimant and decedent lived together near Granada, Minnesota, for three or four months during which time claimant "worked in the sugar beets" there. When this work terminated, deceased left, due to trouble over her children and quarrels with them. After the separation, claimant supported herself by her own employment and assistance from her children, including a dependency allotment from a son in the service.
Under the statute above quoted, claimant cannot recover unless "actually dependent", either wholly or in part, upon the decedent at the time of the accident resulting in death. It is undisputed that they were not living together and had not done so since the fall of 1938.
The burden of proof was on the claimant to establish actual dependency. See Utah-Apex Mining Co. v. Industrial Commission,64 Utah 221, 228 P. 1078; Utah Fuel Co. v. Industrial Commission, 80 Utah 301, 15 P.2d 297, 86 A.L.R. 858; State Compensation Ins. Fund v. Industrial Accident Commission,112 Cal.App. 329, 297 P. 38.
No hard and fast rule can be laid down as to what constitutes actual dependency under our statute. It is after all a question of fact and each case must rest and be decided upon its own particular facts and circumstances. See Utah Fuel Co. v. Industrial Commission, Utah, supra; Utah-Apex Mining Co. v. Industrial Commission, Utah, supra; American Fuel Co. of Utah v. Industrial Commission, 60 Utah 131, 206 P. 786; Merrill v. Penasco Lumber Co., 27 N.M. 632, 204 P. 72. In the latter case the court, speaking of tests of dependency, said:
"While the statute uses the word `actually' as limiting the word `dependent,' this can mean nothing more than that the widow *Page 32 
must have been dependent in fact as well as in law. In a sense every wife and child is legally dependent upon the husband and father, and there may in some instances be a distinction between such legal dependency and the dependency in fact contemplated by the statute. Courts have met with considerable difficulty in laying down a general rule as to who are actual dependents under such a statute, and the rules established are of a negative rather than a positive character. It seems to be well settled by authority that the existence of a marriage with consequent liability to support does not of itself prove actual dependency, and instances easily come to mind of married women who are not actually dependent upon their husbands for support. Many statutes create a presumption of dependency in favor of certain classes, but ours does not, following in this respect the original English act. But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct bearing on the subject."
The legal obligation to support, standing alone, will not establish actual dependency. Merrill v. Penasco Lumber Co., N.M., supra. See also, Colorado Fuel Iron Co. v. Industrial Commission, 90 Colo. 330, 9 P.2d 285; 71 C.J. 531.
"The legal obligation of support, when considered alone, will rarely, if ever, establish a state of dependency, or give rise to a presumption that a person is a dependent, but it may very well strengthen a weak inference arising from small or irregular contributions, or aid a promise of future support." (58 Am.Jur. 687)
The Board was justified in finding and concluding claimant was not actually dependent upon the decedent at the time of the accident resulting in his death. It does not affirmatively appear that the decedent ever contributed to the support of the claimant during the time they lived together, even tho such period was short; instead, she worked during that time. Decedent never contributed anything to her support after they separated. The circumstances of their separation are not shown other than it was due to a quarrel over her children. Neither is there anything from which it can be inferred that claimant did not want the separation, or that she looked to the decedent for support, or that the decedent wilfully neglected to make financial provision for her; instead, she was apparently content to go on working and to be maintained by her own labor and in part at least, by her children, for a period of almost seven years. There is no showing that she ever expected or anticipated receipt of financial assistance from the decedent, or that by his death she in fact lost anything. *Page 33 
she was receiving or might reasonably expect to have received in the future.
The order of the Board is affirmed. Costs awarded to respondents.
HOLDEN, C.J., GIVENS, and PORTER, JJ., and TAYLOR, District Judge, concur.