In the Matter of the Claim Made by DEPARTMENT OF MENTAL HYGIENE, on Behalf of MARIE DE SIMONE, Respondent, against CONSOLIDATED CONSTRUCTION COMPANY et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.

Third Department, November 17, 1952.

*Morgan F. Bisselle* and *Warren C. Tucker* for appellants.

*Reisman, Cohen & Milberg* for claimant-respondent.

*Nathaniel L. Goldstein, Attorney-General* (*Roy Wiedersum* and *Gilbert M. Landy* of counsel), for Workmen's Compensation Board, respondent.

Coon, J.  On October 15, 1947, Angelo De Simone was accidently killed in the course of his employment.  He left him surviving a widow, one son under the age of eighteen, and several children over the age of eighteen.  An award of death benefits was made to the widow and the one son who was under the age of eighteen, and the case closed.  This award was paid.

One of the other children, Marie, was born September 17, 1925.  She was judicially committed to the Harlem Valley State Hospital on June 4, 1941, at the age of fifteen years, and has been in continuous residence there since that time.  Her father, the deceased employee, did not at any time make any payments for her support.  At the request of the Department of Mental Hygiene, the Workmen's Compensation Board reopened the case for the consideration of the question of death benefits for Marie.  A hearing was held, and a referee disallowed the claim on the ground that there was no proof that the daughter was dependent upon the deceased at the time of the accident.  Upon

review, the board, without further proof, reversed the referee's decision and held that Marie was a dependent adult child within the purview of subdivision 1-a of section 16 of the Workmen's Compensation Law, which reads: " For the purpose of this section, the term dependent blind or crippled as used herein in relation to dependent children shall be deemed to mean totally blind or physically disabled children whose disablement is total and permanent."

It would be necessary to reverse this award and remit to the board in any event, because one of the essential elements of the above-quoted section is that the disability be " total and permanent," and there is no proof whatever in the record that Marie's illness is permanent or incurable, and, in fact, the exact nature of the illness does not appear. A mere commitment and residence in a mental hospital without further proof does not establish permanent disability. Appellants do not contend that mental illness may not come within the provisions of the statute above cited and quoted, but do contend that there is no proof of dependency at the time of the accident, or that the disability is total and permanent.

We think the appeal should be decided on the broader ground of dependency, concerning which the facts are not in dispute.

The board in its memorandum decision relates the fact that Marie was committed while she was under eighteen years of age; that had her father died then she would have been a dependent child, both because of her age and because of her mental disability, and continues: " In the absence of proof to the contrary, we believe that there is a presumption of continuance of dependency." There is no provision in the Workmen's Compensation Law for such a presumption, and we know of no authority for the board to indulge in such a presumption. Where dependency is an essential prerequisite to an award it must be established as a fact by proof.

Although the father had contributed nothing for the support of Marie by payment to the hospital or otherwise, the respondent urges that his mere legal obligation to do so establishes dependency, and urges that subdivision 2 of section 24 of the Mental Hygiene Law and section 926-b of the Criminal Code impose such an obligation. We do not think that dependency can be established upon a bare legal obligation, especially when it affirmatively appears that there had been no actual contribution to the daughter's support. Dependency connotes a loss of some benefit theretofore present. Either in an action for wrongful

death or under the Workmen's Compensation Law, if the alleged dependent lost nothing whatever in the way of financial assistance or support as a result of the death, no dependency existed. To sustain an award the dependency must be a present one, and, under the statute above quoted, must be established as of the date of the accident.

In Larson on Workmen's Compensation Law, recently published (Vol. 2, § 63.31, p. 110) it is stated: "On the precise issue whether legal obligation to support can alone ground a finding of dependency, the general rule is that it cannot. There must also be either actual support, or some reasonable expectation that the legal obligation will be met."

In Corpus Juris Secundum (Vol. 26, Dependency, p. 718), speaking of dependency, it is said: "In its general sense, in a dependent condition, implying a present existing relation between two persons, where one is sustained by another or looks to or relies on the aid of another for support, something different from the right to have support or the duty to support".

In *Driscoll* v. *Jewell Belting Co.* (96 Conn. 295, 302), a compensation case, the following pertinent language is used: "A legal obligation cannot be construed to be the equivalent of a present support. * * * A condition of dependency presupposes contributions made to and relied upon by the dependent."

We conclude that upon the undisputed facts no dependency existed at the time of the accident.

The decision and award should be reversed and the claim dismissed, with costs.

FOSTER, P. J., BREWSTER and BERGAN, JJ., concur; HEFFERNAN, J., taking no part.

Decision and award reversed, on the law, and the claim dismissed, with one bill of costs against the Workmen's Compensation Board to be divided equally between the appellants.