C. W. WRIGHT CONSTRUCTION COMPANY, INC. ET AL. v. BRANNAN

[No. 274, September Term, 1957.]

*Decided June 17, 1958.*

The cause was argued before BRUNE, C. J., and HENDERSON, HAMMOND, PRESCOTT and HORNEY, JJ.

*Jeffrey B. Smith* and *R. Roger Drechsler* for the appellants.

*Paul Berman* and *Melvin J. Sykes,* with whom were *W. Lamont Brown, Sigmund Levin* and *Theodore B. Berman* on the brief, for the appellee.

HAMMOND, J., delivered the opinion of the Court.

The Industrial Accident Commission awarded the claimant below, five-year old Bennie Thomas Brannan of Southern Pines, North Carolina, compensation as a partial dependent of his father, who died as a result of an accident in Maryland. On appeal by the employer and the insurer, Judge Carter, sitting in the Baltimore City Court without a jury, found on the evidence before the Commission that the child was totally dependent on the father and entered judgment accordingly.

In 1952 domestic difficulties led to a written agreement by

the claimant's father to pay his mother the sum of $20.00 a week until their son became of age, as well as all doctor and hospital bills of the child. The couple mended their differences temporarily, but in July 1953 separated for good. Mrs. Brannan stayed in Southern Pines and the husband, who was an electrical lineman, worked not too far from there for various power companies. From August 1953 to June 1954, the husband paid $80.00 most months for the support of his wife and child, although he paid nothing in one or two of the months. Since June 1954 he has made no payments. After he left North Carolina without saying where he was going, his wife called his former employers and the union to which he belonged, in an effort to find him, and wrote a letter asking for money to the address they gave her. She received no reply to her letter. On February 8, 1956, Brannan was killed on the job in Baltimore. Word of his death reached Mrs. Brannan and claim for compensation was duly filed on behalf of the child.

In 1955 Mrs. Brannan had obtained a divorce and married Bynum R. Bailey. The Bailey household in Southern Pines consists of the husband and wife, her mother, a child by the present marriage, the claimant Bennie Thomas, and two children of Mrs. Bailey's by a husband prior to Brannan. At about the time of her separation from Brannan, Mrs. Bailey inherited $3,000 from her father and used this in part for the support of the claimant and in part for the payment of household bills and expenses.

The employer and insurer contend here, as they did before the Commission and the court below, that since the deceased employee was not actually supporting the child at the time of the injury causing his death, there was no dependency as a matter of law. The appellee contends that the ultimate legal test of dependency is whether or not, on all the facts, there is a reasonable probability as of the date of the injury that his legal obligation to support the claimant actually would be carried out in the future. Judge Carter found that the mother had been reasonably diligent in attempting to locate the father for the purpose of compelling him to support their child and "eventually would undoubtedly have been successful in lo-

cating him through his union membership. Under the Uniform Reciprocal Enforcement of Support Act (Code, Art. 89C) she could have compelled him to support his child." He concluded therefore that "* * * there was not only a 'reasonable probability' but a reasonable certainty that the deceased's legal and moral obligation of support would be fulfilled." He said further: "Young Bennie Thomas lost a very real asset when the opportunity to compel his father to support him was cut off. It is the very purpose of the Act to protect dependents from situations of this kind. The fact that the deceased workman was not actually making money payments at his death was a very temporary condition which would have surely been rectified in the future."

Since 1947 the Maryland Compensation Act (now Code, 1957, Art. 101, Sec. 36 (8) (d)) has provided that: "In all cases, questions of dependency, in whole, or in part, shall be determined by the Commission in accordance with the facts in each particular case existent at the time of the injury resulting in death of such employee." This Court, in *Brooks v. Bethlehem Steel Company,* 199 Md. 29, 33, said: "When section 35 was amended in 1947 the exclusive enumeration of beneficiaries and the presumptions of total dependency of wife and children were omitted and questions of dependency, in whole or in part, in all cases, were made questions of fact, construed by this court to mean the fact of receipt of pecuniary support, whether in money, services or otherwise in money's worth. Legal or moral duty to support is not necessary, and in the absence of actual support is not sufficient, to constitute dependency." In *Havre de Grace Fireworks Co. v. Howe,* 206 Md. 158, 164, we said: "Generally defined, a 'dependent,' within the meaning of the Maryland Workmen's Compensation Act, is one who relies wholly or in part upon a workman for the reasonable necessities of life at the time of his accidental injury. *Meyler v. Mayor and City Council of Baltimore,* 179 Md. 211, 215, 17 A. 2d 762. A legal or moral obligation to support someone, in the absence of actual support, does not create dependency within the meaning of our Act."

It has been held in other jurisdictions in cases where the

statutes made dependency a question of fact that a claimant must show reasonable grounds of expectations for continuing or future support and maintenance and that in determining whether such a probability of actual support exists, the absence of actual payments even for a substantial period before the death of the employee is not necessarily conclusive but is but one of a number of factors, such as the earning capacity of the decedent, the length of time support has been withheld, whether failure to support was acquiesced to, the diligence with which the obligation has been pursued, and the probability of the successful tracing of the decedent. For example, in *Drouin v. Snodgrass Co.* (Me.), 23 A. 2d 631, 633, the Court said: "* * * it is generally held that a finding of dependency cannot rest on proof alone of the relation of parent and child but there must be some evidence of a reasonable probability and expectation that the obligation of the parent will be fulfilled and thereby have some real as well as mere theoretical value." The Arizona Court used almost the same language in *Ocean Accident & Guarantee Corp. v. Industrial Commission* (Ariz.), 269 P. 77, 78. Other cases applying a similar test where there had been no actual contribution for a longer period than in the instant case, are cited below.[1]

---

1. *Merrill v. Penasco Lumber Co.* (N. M.), 204 P. 72, 74 (two years); *Kennedy v. Keller* (Mo. App.), 37 S. W. 2d 452 (three years); *Potts v. Niddrie and Benhar Coal Co.* (1913), A. C. 531, 6 B. W. C. C. 774 (two years of small payments amounting in all to 2 pounds, followed by two years of no payments at all); *Dobbies v. The Egypt and Levant S. S. Co.*, 50 Scot. L. R. 222, 6 B. W. C. C. 348 (three years). See also *McGarry v. Industrial Commission* (Utah), 222 P. 592; *In re Carroll* (Ind. App.), 116 N. E. 844.

In Louisiana the Legislature amended the act in 1926 to provide that in questions of dependency as a matter of fact "the mere expectation or hope of future contributions to the support of an alleged dependent by an employee shall not constitute proof of dependency as a fact." In *Haynes v. Loffland Bros. Co.* (La.), 40 S. 2d 243, 244-245, the Court said that ever since the adoption of the amendment in 1926 "the appellate courts of this state have consistently held that one not conclusively presumed to be dependent upon the earnings of the deceased employee for support * * * must not only prove he is or they are legal dependents of the de-

Maryland cases have discussed the element of the probability of actual support. *State Industrial Accident Commission v. Downton,* 135 Md. 412, 416, dealt with a situation where a father, long divorced, irregularly gave his children, who lived with their mother, small amounts of money and clothing. Judge Stockbridge for the Court cited several of the earlier cases in the line relied on by the claimant here, saying that they "do not baldly hold that the legal obligation determines the question of dependency, but that such legal obligation must be coupled with a reasonable probability that such obligation will be fulfilled * * *" and decided as a matter of law that the children were not total dependents. In *Harvey v. Roche & Son,* 148 Md. 363, 369, 370, 371, the jury found a widow to have been totally dependent on her late husband, from whom she had been separated. She contended that the husband had contributed regularly to her support during the time they were apart, and her opponents offered testimony that he had given her nothing during that time. The trial court modified a suggested prayer and instructed the jury that: "if there was no reasonable probability that she would be actually supported by the said William T. Harvey" at the critical date they must find she was not wholly dependent. Chief Judge Bond for the Court said: "To the modified instruction, the employer and insurer object that its reference to the probability of support, instead of actual support, gave a jury a misleading test, as actual dependence on the injured man's earnings is the only basis of compensation. The instruction appears to be made up of the statement of the law quoted in *State Industrial Acc. Com. v. Downton,* 135 Md. 412, 416. It is true that actual dependence upon the earnings of the deceased is the test of the right to compensation under the act, and a question of probability would, accurately speaking, arise only when an interruption

---

ceased but also that the deceased employee was actually contributing to their support at the time of the accident and death." For a similar holding that there must be actual support as opposed to an expectation of support, see *Blanton v. Wheeler & Howes Co.,* 91 Conn. 226.

to regular support is to be considered. The question whether the interruption is only temporary, or means an end to support, is one of probability. Exactly that question does not arise in this case, and the employer and insurer urge that the effect of the instruction under the circumstances may have been to lead the jury to base a finding of dependence on what they conceived to have been probabilities, for the future, apart from any actual dependence. But the difference between actual support at the time of death and 'probability that she would be supported at said date,' as the instruction has it, is a narrow one * * *." It was held that there was no prejudicial error in the granting of the prayer in view of the real issue in the case of "actual contributions or lack of contributions to the wife's support", and the other granted instructions which referred the jury "to actual past support as the test * * *."

In *Kendall v. Housing Authority,* 196 Md. 370, 376, the Court speaking through Judge Henderson said that when the 1947 Legislature made the test of dependency the facts in each case existent at the time of the injury: "* * * we think it left as the only requirement a finding of fact that the claimant was subsisting, and would probably continue to subsist, in whole or in part upon the earnings of the workman at the time of the injury."

In *Havre de Grace Fireworks Co. v. Howe,* to which we have referred above, the argument was presented that the father in that case, whose children had been in an orphanage for some years, was planning to purchase a home in which he would support them within a matter of months, and that this probability justified a finding that they were dependent on him in fact at the time of his injury and death. The Court said at page 167: "Even assuming that the father had planned to build a house, and that there was a possibility that he could have carried out the plan to bring the children back to his home and support them if he had not been killed, we cannot disregard the explicit mandate of the statute that the question of dependency shall be determined from the facts existing at the time of the employee's injury resulting in his death. Code, 1951, art. 101, sec. 35 (8) (d). As we said in *Meyler v. Mayor and City Council of Baltimore,* 179 Md.

211, 215, 17 A. 2d 762, when the death of a workman ensues from an accidental injury, the right of his dependent to workmen's compensation becomes fixed as of the date of the injury irrespective of any subsequent change of condition."

The case before us presents the question of probability arising from interruption to regular support, suggested by Chief Judge Bond in the language of *Harvey v. Roche & Son*, quoted above, and we must determine whether the probability was that the "interruption to regular support" was temporary or meant "an end to support" so as to negate a finding of dependency in fact. We are persuaded that "the facts * * * existent at the time of the injury resulting in death * * *" were not such as to permit the finding of the trial court that there was dependency in fact at the time of Brannan's death. Although after he and his wife had separated he paid for nine of eleven months, for twenty months thereafter he made no payments at all and gave no indication that he would ever again. Apparently he had begun to support another woman in June of 1954, when payments ceased (although he did not marry her), and this may well have been the reason he stopped supporting his son. Soon after he stopped paying, while he was still in North Carolina, his wife made somewhat casual inquiries as to his whereabouts, but did not pursue them or attempt to obtain help from a lawyer or from local or State authorities in exacting support from her husband. We see no basis for a determination that there was any reasonable probability of resumption of support in the foreseeable future as of the date of the injury.

The conclusion we have reached disposes of the need to consider the right of the trial court to find total dependency where only the employer and insurer and not the claimant had appealed from the Commission's finding of partial dependency.

*Judgment reversed, with costs.*

Horney, J., filed the following dissenting opinion.

The majority saw no basis for a determination that there was any reasonable probability that the father of Bennie Thomas Brannan might resume supporting his son in the

foreseeable future on the date of the injury from which the father died. I disagree because I believe there was evidence from which the trier of facts could rationally find a reasonable probability that the mother of Bennie could again discover the whereabouts of the boy's father and compel him to support his son.

After Bennie's mother and father had separated the father supported the boy for nine out of eleven months as he had agreed to do. But sometime after the expiration of the first year of separation, the father left North Carolina, and made no further payments during the approximately twenty months that elapsed prior to his death. The mother, describing her efforts to locate her ex-husband, testified that she "called different companies [that he had worked for] and * * * finally called the union in Charlotte [North Carolina] that he was a member of, and they said he was working * * * for a man in Goldsboro [North Carolina] and by the time I got a letter to him—he left from there before I could catch him and that was the last I heard of him being anywhere around." On this testimony and the other evidence produced, the trial court concluded that there was a reasonable possibility amounting, indeed, to a reasonable certainty that the father would be located and compelled to resume the support payments and found (i) that the interruption of support was temporary and (ii) that Bennie lost a valuable asset when the opportunity to compel his father to support him was destroyed by the death of the father. In so doing, I am not convinced that the lower court was clearly erroneous. Maryland Rule 886a. And, unless it is clear that it was, this Court should not set aside its findings on the evidence. Moreover, as we said in *Havre de Grace Fireworks Co. v. Howe,* 206 Md. 158, 164-5, 110 A. 2d 666 (1955):

> "We apply in workmen's compensation cases the familiar rule that where there is any evidence from which a rational conclusion may be drawn, as opposed to the theory of the prayer for a directed verdict, the weight and value of such evidence should be left for the consideration of the jury, and before

such a prayer can be granted, the court must assume the truth of all the evidence tending to sustain the claim or defense, as the case may be, and of all inferences of fact fairly deducible from it. Moreover, the Court of Appeals cannot make a critical analysis of the evidence produced by both sides to determine its comparative weight * * *."

In *2 Larson, Workmen's Compensation* (1952), Sec. 63.31, it is stated:

"On the precise issue of whether legal obligation to support can alone ground a finding of dependency, the general rule is that it cannot. There must also be either actual support, or *some reasonable expectation that the legal obligation will be met.*" (Emphasis added.)

The courts uniformly hold that, if an injured or deceased worker deserts his dependents and no longer contributes to their support, they cannot appear before the "commission" several years later—when the worker has been injured or dies—and claim that they are dependents. However, if despite the failure of the worker to support those who are legally dependent upon him, such dependents have made some reasonable efforts to compel him to pay them support, and it is reasonably expected that they might succeed, then the law bestows upon them the status of dependents.

In addition to the Maryland cases cited by the majority, see *In re Konin*, 69 Idaho 28, 202 P. 2d 239 (1949), where the deceased left his wife seven years before his death, and she never thereafter received any support from him, never communicated with him, and never attempted to make him support her; and the wife had not objected to the separation, had not looked to the decedent for support, and was apparently content to support herself; it was held that she was not dependent upon him. There were similar holdings in *Sweet v. Sherwood Ice Co.*, 40 R. I. 203, 100 A. 316 (1917), [separation and non-support had existed for four years], and *Glaze v. Hart*, 225 Mo. App. 1205, 36 S. W. 2d 684 (1931),

[wife did not expect and had never tried to require husband to support her]. See also *Koeppel v. DuPont,* 37 Del. 369, 183 A. 516 (1936) ; *Lee v. Bessie,* [1912] 1 K. B. 83; *Peters v. Overhead, Ltd.,* 27 B. W. C. C. 190 (1934). Cf. *Department of Mental Hygiene v. Consolidated Construction Co.,* 280 App. Div. 652, 117 N. Y. S. 2d 84 (1952).

On the other hand, where, as in the present case, a dependent had made an attempt to contact the deceased in order to compel support, the courts find for the dependent. An often-cited case is *Merrill v. Penasco Lumber Co.,* 27 N. M. 632, 204 P. 72 (1922), where the deceased and his widow had been separated for two years before his death. For a few months he paid for the food for his dependents. On two occasions he sent his wife money. On another occasion he told her he would support her and the children. However, she had to depend upon her own labors to support the family. The Court, in holding that actual dependency existed, said:

> "Many statutes create a presumption of dependency in favor of certain classes, but ours does not, following in this respect the original English act. But just as the existence of the marital status does not of itself prove dependency, so the lack of actual support by the husband does not of itself negative dependency. *The failure to support is only one circumstance for consideration. The reasons for it, the length of its continuance, the mutual attitude and means of the parties, the probable resumption of duty, and other similar matters may have a distinct bearing on the subject. If dependency were determined only by the fact of contribution to support, a wife and children might be dependent one week and cease to be the next according to the caprice of the husband and father."* (Emphasis added).

In *McGarry v. Industrial Commission,* 63 Utah 81, 222 P. 592 (1923), another wife desertion case, the Court, although it was dictum, said:

> "It is also reasonable to presume from the facts hereinbefore detailed that the applicant in this case

would have enforced the legal right of her child to the support and maintenance which the law imposed upon his father if she had had the opportunity. The legal right existed and had some potential value, but the opportunity to enforce it was wanting, solely because the deceased had surreptitiously deserted and abandoned both mother and child. As contended by counsel for applicant, it would indeed be a reproach to the lawmakers of the state if it could be successfully contended under the provisions of our Industrial Act that a minor child might be a dependent and entitled to compensation if the father had only performed his legal duty during his life, and furnished or promised the child some support, but because the father failed in his legal duty, even to the point of violating the criminal laws of the state, therefore the child should not be held to be a dependent entitled to compensation."

In *In re Carroll,* 65 Ind. App. 146, 116 N. E. 844 (1917), the widow had not lived with the deceased—except for one month—for nine years before his death. He had made very small, irregular payments to his wife and children. On two occasions the wife obtained Louisiana support orders, but the deceased complied with only one of the orders, and compliance with that was brief. He moved from place to place to avoid enforcement proceedings. Although the wife and children were not total dependents, the Court held that the facts might be sufficient for the "board" to find partial dependency. It was also held in *Ocean Accident & Guarantee Corp. v. Industrial Commission,* 34 Ariz. 175, 269 P. 77 (1928), that a reasonable probability of support existed because the wife had sought aid from the police, though without success, to find her deserting husband in an effort to compel him to support her.

Two English cases vividly illustrate the factual determination upon which workmen's compensation cases should be resolved. In *New Monckton Collieries, Ltd. v. Keeling,* [1911] A. C. 648, there was no dependency because the wife

had never tried to compel her husband to support her in his lifetime. Two years later, however, the same court found dependency in *Potts v. Niddrie & Benhar Coal Co.*, [1913] A. C. 531, a case where the wife had obtained a support decree against her husband, where the decree had been enforced on one occasion by his arrest, where the husband subsequently disappeared, and where the wife and children had tried to find the worker. Viscount Haldane distinguished the *Potts* case from the *Keeling* case by saying: "There [in *Keeling*], there had been what was tantamount to an abandonment of the wife's right. She had left her husband more than twenty years before his death, and had virtually given up looking to him for support for herself and her children. Here [in *Potts*] the wife had kept her right alive, and was apparently only waiting for the opportunity to enforce it." He went on to say:

"The Lord Justice-Clerk says in his judgment that the true question is not, Had the applicant a legal right to maintenance by the deceased? but, Was the applicant actually receiving support from one who was under an obligation to give support, * * *? My Lords, I cannot agree with this view of the true question. I agree that a mere legal right may not, in certain circumstances, be sufficient. It was held insufficient in the case before this House which I have quoted. The long period of desertion by the wife had so qualified it that, as Lord Atkinson pointed out, there was no evidence on which the arbitrator could properly find the fact of dependency.

"Here I think there was evidence on which he could find that fact, and if this be so the finding of fact is conclusive. The true question in the present case is, in my opinion, whether there was, as one of the facts to be taken into account, an effective and valuable legal right. If there was such a right, and there was no legal difficulty in the way of enforcing it, then the mere fact that a want of opportunity to resort to it, which might have proved only tempo-

rary, had reduced the mother and children for the time to living on charity, cannot afford the conclusion that by the father's death they lost something on which they could depend.

"I wish to add that I have, since the argument, examined the reported authorities. * * * [T]he question is always primarily one of fact, on which the conclusion of the arbitrator ought only to be set aside if it is apparent that there was no evidence to support it, or if error in law appears on the face of it."

There are cases in this State which give solace to both parties. On the one hand, this Court has stated that there can be no dependency in the absence of actual support. *Havre de Grace Fireworks Co. v. Howe, supra; Brooks v. Bethlehem Steel Co.,* 199 Md. 29, 85 A. 2d 471 (1952); *Kendall v. Housing Authority,* 196 Md. 370, 76 A. 2d 767 (1950). On the other hand, some of the cases speak in terms of whether there was a reasonable probability of support. *State Industrial Accident Commission v. Downton,* 135 Md. 412, 109 A. 63 (1919), [cited in many cases in other jurisdictions]; *Harvey v. Roche & Son,* 148 Md. 363, 129 A. 359 (1925); *Meyler v. City of Baltimore,* 179 Md. 211, 17 A. 2d 762 (1941). However, all of the cases cited involved different factual situations than exists in the instant case. In some of them, the statements of law were mere dicta. And, in none of the cases—where the worker and the deserted claimants were separated—was there *any* effort, as in the instant case, to find the worker and compel him to fulfill his legal obligation to support his dependents.

The majority relies principally on the holdings in the *Meyler* and *Brooks* cases, and particularly the *Howe* case, all *supra,* to support their decision in the present case. All three of those cases are, in my opinion, easily distinguishable from the instant case. In the *Meyler* case the Court *reversed* a directed verdict which had held that a forty year old stepdaughter was not dependent upon her stepfather when she took care of her invalid mother and of the stepfather's home

412

and received from him $18.00 a week for herself and the home. The majority relies on language in the *Brooks* case to defeat a claim of *total* dependency whereas the instant case in fact involves only partial dependency. It should also be noted that a finding of partial dependency was sustained in the *Brooks* case. In the *Howe* case the issue again was *total* dependency, not *partial* dependency.

The Industrial Accident Commission found partial dependency. The lower court on appeal found total dependency. I think the judgment of the lower court should be affirmed, at least to the extent of awarding Bennie compensation as a partial dependent.