In the Matter of the Claim of WILLIS AYLESWORTH, Respondent, v. MIDDLETOWN STATE HOSPITAL et al., Appellants. WORKMEN'S COMPENSATION BOARD, Respondent.— Appeal from a decision of the Workmen's Compensation Board which, among other things, awarded death benefits to children over 18 years of age. Decedent was awarded and paid compensation for occupational tuberculosis for about five years prior to his death from the same cause. Death benefits awarded to the widow and to four children then under 18 years were paid for some time but the award to the children is now contested on the ground that they are not "dependent blind or crippled" children (Workmen's Compensation Law, § 16, subd. 2) so as to be entitled to benefits after attaining the age of 18 years. The disability contemplated is that of "totally blind or physically disabled children whose disablement is total and permanent". (Workmen's Compensation Law, § 16, subd. 1-a.) Although suggesting here that "disablement" by reason of mental infirmity is not included, appellants did not raise that issue in their application for review and, indeed, seem to have conceded, before the board, that the children are permanently and totally disabled and that "the question after 18 is whether or not these children were dependent upon the father". (See Workmen's Compensation Law, § 23; *Matter of La Barge* v. *Mercy Gen. Hosp.,* 12 A D 2d 689, 690, motion for leave to appeal denied 9 N Y 2d 610; *Matter of Braune* v. *Haas,* 13 A D 2d 875, 876; and as to the merits, see *Matter of Kelly* v. *Sugarman,* 14 A D 2d 980, motion for leave to appeal granted 11 N Y 2d 641.) Thus, the sole issue is as to dependency, which is dealt with in subdivision 2, above quoted, under which dependency is not prerequisite to an award to a child under 18 but is obviously required to be proven in the case of a "dependent blind or crippled" child beyond that age. In this case the board did not find that dependency had been established by evidence thereof but, rather, "that inasmuch as the children were under the age of 18 prior to the father's death and had been dependent upon him *by statute,* they are still entitled to benefits after the age of 18 since they are permanently totally disabled." (Emphasis supplied.) This finding seems to us to rest upon the same theory of a presumption of continuance of dependency as the award which we reversed in *Matter of Department of Mental Hygiene* v. *Consolidated Constr. Co.* (280 App. Div. 652), in which we said (p. 654) : "There is no provision in the Workmen's Compensation Law for such a presumption, and we know of no authority for the board to indulge in such a presumption. Where dependency is an essential prerequisite to an

award it must be established as a fact by proof." Decision and award reversed, with costs to appellants against the Workmen's Compensation Board, and matter remitted to the Workmen's Compensation Board. Bergan, P. J., Gibson, Herlihy, Reynolds and Taylor, JJ., concur.